MATTER OF TINAJERO

In Deportation Proceedings

A-34262790

*Decided by Board July 3, 1980*

(1) Under Section 1203.4 of the California Penal Code an individual is eligible for expungement of his conviction in those cases where the sentence was suspended, probation was granted, and the conditions of probation have been fulfilled.

(2) In the case of an alien convicted in California of a crime involving moral turpitude, who has received a suspended sentence with probation and is eligible for expungement under Section 1203.4 of the California Penal Code, it is the policy of the Immigration and Naturalization Service to defer the institution of deportation proceedings until the respondent has had a reasonable opportunity to apply for an expungement. Board remanded record to District Director so that proceedings may be held in abeyance for that purpose.

CHARGE:
Order:   Act of 1952—Sec. 241(a)(4), I&N Act [8 U.S.C. 1251(a)(4)]—Convicted and sentenced to confinement for a year or more

ON BEHALF OF RESPONDENT:   Jose Angel Rodriguez, Esquire
304 South Broadway, Suite 532
Los Angeles, California 90013

BY:   Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

This is an appeal from an immigration judge's decision dated May 4, 1978, in which the respondent was found deportable under section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(4) and was denied voluntary departure. The respondent has appealed. The record will be remanded to the Service.

The respondent is a 25-year-old single male alien, a native and citizen of Mexico. On February 15, 1977, he was convicted in the Superior Court of California for the offense of burglary in violation of Section 259 of the California Penal Code and sentenced on March 10, 1977, to one year in the county jail. Execution of the sentence was suspended and the respondent was granted probation for a period of five years.

Based on the above, the immigration judge found the respondent

deportable under section 241(a)(4) of the Act. He further found that the crime of burglary is a crime involving moral turpitude and therefore the respondent is statutorily ineligible for the privilege of voluntary departure.

We agree with the finding of the immigration judge that the respondent is deportable under section 241(a)(4) for having pled guilty to the crime of burglary. We further agree that the crime of burglary is one involving moral turpitude. However, in a memorandum dated February 14, 1980, the Deputy General Counsel of the Immigration and Naturalization Service advised this Board that the Service "has a policy of deferring the institution of deportation proceedings of an alien convicted of a crime involving moral turpitude in those cases where the sentence was suspended and probation was granted which made the alien eligible for expungement under section 1203.4 of the California Penal Code."[1] It is the policy to defer proceedings until the individual has had "a reasonable opportunity to obtain an expungement of his conviction." It was noted in the memorandum that the Service Operations Instructions were being amended to reflect that policy. The Deputy General Counsel asked that the record be remanded "to the Service so that it [could] be held in abeyance pending the outcome of the respondent's application for an expungement."

The respondent in this case did have his sentence suspended and probation was granted. Therefore, in view of the policy statement by the Service which applies to the circumstances of this case we will remand the record to the District Director so that the proceedings may be held in abeyance until the respondent has had a reasonable opportunity to apply for expungement of his conviction under section 1203.4 of the California Penal Code.

ORDER: The record is remanded to the District Director for further proceedings consistent with the foregoing order.

---

[1] The Service policy apparently resulted from a January 17, 1961, memorandum from the Attorney General to the Commissioner of Immigration and Naturalization. The memorandum provided in part that "..., in the cases of alien probationers who may avail themselves of the benefits of section 1203.4 after fulfilling the conditions of probation or after an earlier discharge from probation, the Service should not institute proceedings under section 241(a)(4) during the period that their probation is in effect or during the pendency of proceedings under section 1203.4." Cf. Matter of G—, 9 I&N Dec. 159 (BIA 1960; A.G. 1961).