Leonillo DURAN and Shirley
Duran, Petitioners,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 82–7193.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 1982.

Decided April 2, 1985.

John S. Glaser, Los Angeles, Cal., for
petitioners.

Ingrid Hrycenko, Asst. U.S. Atty., Los
Angeles, Cal., for respondent.

Before FLETCHER, NELSON, and RE-INHARDT, Circuit Judges.

NELSON, Circuit Judge:

Leonillo and Shirley Duran were found deportable and subsequently sought reopening of their deportation hearing. Both claim they should have been notified during the hearing of their right to apply for relief from deportation during the hearing. The Immigration Judge found that neither petitioner had satisfied the requirements for reopening and the BIA affirmed. We affirm the Immigration Judge's denial of Leonillo's motion to reopen but vacate the denial of Shirley's motion and remand.

## FACTS

Leonillo and Shirley Duran, husband and wife, are citizens of the Philippines. Leonillo first entered the United States as a nonimmigrant crewman in December of 1974 for a period of one month. Shirley first entered the United States as a nonimmigrant visitor in March of 1972 for a period of six months. Both overstayed their visas. Shirley apparently was trained and worked as a nurse and laboratory technician. They now own a home and have recently invested in a small restaurant. They have two American-born children.

Deportation proceedings were instituted against the Durans in 1980. At a March 3, 1981 deportation hearing, while represented by counsel, they admitted deportability, designated the Philippines as the country to which they should be deported, and were granted the privilege of voluntary departure. They did not, however, leave the country. Instead, on July 21, 1981, represented by new counsel, appellants filed a motion to reopen the deportation proceedings against them. The bases for the motion to reopen were that: (1) Leonillo had not been informed of his right to apply for asylum and, had he known of this right, he would have applied; and (2) Shirley had not been informed of her eligibility for suspension of deportation, and had she known of this eligibility, she would have applied.

The Immigration Judge denied the motions to reopen without a hearing on the ground that appellants had not provided new evidence to justify reopening, as required by 8 C.F.R. §§ 103.5, 208.11, 242.22 (1984). He also ruled that appellants had failed to establish prima facie cases of eligibility for relief from deportation. *See INS v. Wang,* 450 U.S. 139, 141, 101 S.Ct. 1027, 1029, 67 L.Ed.2d 123 (1981) (per curiam). The BIA affirmed the Immigration Judge's decision and appellants filed timely appeals. *See* 8 U.S.C. § 1105a (1983).

## DISCUSSION

### A. *Leonillo Duran's Motion to Reopen*

▆ Appellant Leonillo Duran sought reopening of his deportation proceedings in order to apply for asylum under section 208(a) of the Refugee Act of 1980, 8 U.S.C. § 1158(a) (1982), or for a determination under section 243(h) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h) (1982), that the Attorney General is prohibited from deporting him.[1] The Immigration

---

1. In a recent case we noted that it is no longer appropriate to refer to the type of relief mandated by section 243(h) as "withholding of deportation." *See Bolanos-Hernandez v. INS,* 749 F.2d 1316 (9th Cir.1984). Prior to its amendment by the Refugee Act, that section had provided discretionary relief. It now prohibits the deportation of any alien who meets the specified requirements. *See infra* note 2. Accordingly, the type of relief afforded is more appropriately called a prohibition against deportation. *See Bolanos-Hernandez, supra.*

   There are two ways that an alien claiming asylum can have that claim reviewed by the INS. In cases where the alien has not yet been served with an order to show cause—that is,

when formal deportation proceedings have not yet been commenced—an application for asylum is submitted to the local INS district director. 8 C.F.R. § 208.3(a)(2) (1984). The rules governing the district director's decision are set out at 8 C.F.R. § 208.8 (1984).

   If deportation proceedings have already begun, the application for asylum is filed with the immigration court and the asylum claim is determined by an immigration judge after a hearing on the matter. *Id.* at § 208.3(b). An application for political asylum made after the institution of deportation proceedings is also treated as a request for relief under section 243(h), 8 U.S.C. § 1253(h). 8 C.F.R. § 208.3(b) (1984). Thus, asylum claims made after deportation

Judge concluded that Leonillo Duran had not met the new evidence requirement set forth in 8 C.F.R. § 242.22 (1984) and had not reasonably explained his failure to request asylum at his deportation proceeding, as required by 8 C.F.R. § 208.11 (1984). Leonillo does not challenge the Immigration Judge's finding that he has not satisfied the traditional requirements to reopen his case. Rather, he argues that he was unaware of his right to apply for relief under section 208(a) or section 243(h), and that the Immigration Judge should have

informed him of that right at the deportation hearing. The Immigration Judge concluded that the Immigration and Naturalization Service (INS) regulations do not require an immigration judge to notify an alien of his right to apply for relief under section 208(a) or section 243(h). We agree.

■ Leonillo maintains that the Immigration Judge's decision is inconsistent with Congress' intent to expand asylum protection to persons subject to persecution in their homelands, as expressed in the Refugee Act of 1980.[2]

proceedings have been initiated must be reviewed under both the prohibition-against-deportation and the asylum standards. *See Bolanos-Hernandez v. INS,* 749 F.2d 1316 (9th Cir. 1984). Here we refer to Leonillo's request to reopen in order to file for relief under either section 243(h) or section 208(a) interchangeably as a request to file for asylum and as a request to file for a determination that the Attorney General is prohibited from deporting him.

When deportation proceedings have been completed, the petitioner must fulfill two requirements before a motion to reopen will be granted. He must establish a prima facie case of eligibility for relief. *INS v. Wang,* 450 U.S. 139, 141, 101 S.Ct. 1027, 1029, 67 L.Ed.2d 123 (1981) (per curiam); *Rejaie v. INS,* 691 F.2d 139, 142 (3d Cir.1982). In addition, in a motion to reopen to apply for asylum, he also "must reasonably explain the failure to request asylum prior to the completion of the exclusion or deportation proceeding." 8 C.F.R. § 208.11 (1984). The petitioner may satisfy this requirement by providing "new evidence" that warrants reopening the deportation proceedings. 8 C.F.R. § 242.22 (1984) ("A motion to reopen will not be granted unless the immigration judge is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the hearing....").

**2.** The Refugee Act of 1980, Pub.L. No. 96–212, 94 Stat. 102 (codified in scattered sections of 8 U.S.C.) ("the Act"), represents a comprehensive revision of United States asylum law. The Congressional purpose motivating the Act was to give "statutory meaning to our national commitment to human rights and humanitarian concerns." S.Rep. No. 256, 96th Cong., 2d Sess. 1, 1, *reprinted in* 1980 U.S.Code Cong. & Ad.News 141, 141.

In passing the Refugee Act of 1980, Congress intended to bring United States asylum law into conformity with humanitarian principles embodied in the United Nations Protocol Relating to the Status of Refugees, January 31, 1967, 19 U.S.T. 6244, T.I.A.S. No. 6577, 606 U.N.T.S. 268 ("Protocol"). The 1980 version of section 243(h)

of the Immigration and Nationality Act "is based directly upon the language of the Protocol and it is intended that the provision be construed consistent with the Protocol." H.R.Conf. Rep. No. 781, 96th Cong., 2d Sess. 19, 20 (1980), *reprinted in* 1980 U.S.Code Cong. & Ad.News 160, 161. The amended version of section 243(h) provides in relevant part:

(h)(1) The Attorney General *shall not deport* or return any alien ... to a country if the Attorney General determines that such alien's life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion.

Refugee Act of 1980, § 203(e), 8 U.S.C. § 1253(h)(1) (1983) (emphasis added). The language of amended section 243(h) differs significantly from the previous version. The former language provided that withholding of deportation was a matter within the Attorney General's discretion. *See* Immigration and Nationality Act, Pub.L. No. 82–414, 66 Stat. 212, 214 (1952) (codified as amended at 8 U.S.C. § 1253(h) (1982) ). Under the new section 243(h), withholding of deportation is no longer discretionary; the alien has a right to the withholding of deportation if he presents sufficient evidence to show a likelihood of persecution. In *INS v. Stevic,* —— U.S. ——, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984), the Supreme Court held that although the Refugee Act of 1980 eliminated the Attorney General's discretion in section 243(h) determinations, *id.* 104 S.Ct. at 2496 n. 15, it did not substitute a more relaxed standard for establishing eligibility for section 243(h) relief. *Id.* at 2498.

Several courts have held that the Refugee Act of 1980 establishes a right to *apply* for asylum. *Jean v. Nelson,* 711 F.2d 1455, 1507 (11th Cir. 1983), *rev'd on other grounds,* 727 F.2d 957 (11th Cir.1984) (en banc); *Haitian Refugee Center v. Smith,* 676 F.2d 1023, 1038–39 (5th Cir.1982); *Orantes-Hernandez v. Smith,* 541 F.Supp. 351, 375 (C.D.Cal.1982); *Nunez v. Boldin,* 537 F.Supp. 578, 584 (S.D.Tex.) *appeal dismissed without published opinion,* 692 F.2d 755 (5th Cir.1982).

While we are sympathetic to Leonillo's plight, our decision in *Ramirez-Gonzalez v. INS*, 695 F.2d 1208 (9th Cir.1983), controls here. In *Ramirez-Gonzalez*, we held that 8 C.F.R. § 242.17(c) does not, by its terms, require notice of the right to apply for asylum on the basis of likely political persecution in the country designated by the alien. *Id.* at 1212. Notice of the right to apply for asylum is required only where the special inquiry officer, rather than the alien, designates the country to which the alien will be deported. 8 C.F.R. § 242.17(c) (1984).[3] We therefore must affirm the denial of Leonillo's motion to reopen his deportation proceedings.

B. *Shirley Duran's Motion to Reopen.*

■ Appellant Shirley Duran argues that the Immigration Judge abused his discretion in denying her motion to reopen to apply for suspension of deportation under section 244 of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1) (1982).[4] She contends that she is eligible for suspension of deportation and did not request this relief at her deportation hearing because the Immigration Judge failed to inform her of her right to apply for such relief. She further contends that the Immigration Judge's failure entitles her to a reopening.

The immigration regulations provide that:

[t]he special inquiry officer shall inform the respondent of his apparent eligibility to apply for any of the benefits enumerated in this paragraph [which include suspension of deportation] and shall af-

ford him an opportunity to make application therefor during the hearing.

8 C.F.R. § 242.17(a) (1984).

■ In *United States v. Barraza-Leon*, 575 F.2d 218 (9th Cir.1978), we considered the application of this regulation to an alien's right to relief under 8 U.S.C. § 1254, which provides for suspension of deportation for aliens with seven years' continuous residence in the United States. Barraza, a deportable alien, argued that the Immigration Judge was required to determine whether he was eligible for suspension of deportation under 8 U.S.C. § 1254, even though the record was devoid of any indication that he was entitled to such relief. We rejected this argument and held that "[u]ntil the respondent himself or some other person puts information before the judge that makes such eligibility 'apparent,' this duty does not come into play." *Id.* at 222.

In this case, unlike *Barraza-Leon*, Shirley Duran did put information before the Immigration Judge making her eligibility for suspension of deportation apparent, when it appeared from the record that she had been in the United States continuously for seven years. Yet the Immigration Judge failed to carry out the responsibility of informing Shirley of her right to apply for relief, although the record indicated that she might be eligible. The failure to notify Shirley of her right to apply for relief disadvantaged her in the subsequent administrative proceedings because she was required to assert new evidence in order to reopen her case.

**3.** In addition, under current INS procedures, aliens are informed of their right to petition for asylum if they give any indication of fear of persecution upon being returned. In *Ramirez-Osorio v. INS*, 745 F.2d 937 (5th Cir.1984), the Fifth Circuit noted the significance of this current INS practice. The court referred to testimony by an INS official presented in a congressional hearing, who stated that aliens "are interviewed as to why they come here. If they have questions that would flag asylum claims such as fear of persecution upon being returned, they are identified. *Those persons* are told what their rights are...." *Ramirez-Osorio*, at 941 n. 6 (citing *Caribbean Migration: Oversight Hearing Before the Subcomm. on Immigration, Refugees & International Law of the House Comm.*

*on the Judiciary*, 96th Cong., 2d Sess. 225 (1980) (emphasis added) ). The record here does not show whether INS officials interviewed the Durans in accordance with this practice.

**4.** In moving to reopen to apply for suspension of deportation, a petitioner must present new evidence and make a prima facie showing: (1) of continuous presence in the United States for seven years; (2) of good moral character; and (3) that deportation would cause extreme hardship to herself or to family members who are United States citizens or permanent residents. 8 U.S.C. § 1254(a) (1983); *Reyes v. INS*, 673 F.2d 1087, 1088 (9th Cir.1982).

We do not look with favor upon INS violation of its own regulations. *Mendez v. INS*, 563 F.2d 956, 959 (9th Cir.1977). Had the INS notified Shirley as required, she may have been able to demonstrate extreme hardship. The INS must be held to the highest standards in the performance of its duties. *Sun Il Yoo v. INS*, 534 F.2d 1325, 1329 (9th Cir.1976). We therefore vacate the decision denying Shirley's motion to reopen and remand with instructions to restore Shirley to such status as will enable her to apply for suspension of deportation on the same terms as an alien who received proper notice at the deportation hearing.

AFFIRMED IN PART, VACATED IN PART and REMANDED.