Santiago
**MORAN–ENRIQUEZ, Petitioner,**
v.
**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**
Nos. 86–7739, 89–70010.
United States Court of Appeals,
Ninth Circuit.
Argued and Submitted Aug. 18, 1989.

Decided Aug. 29, 1989.

---

James McConnell Bush, Steptoe & Johnson, Phoenix, Ariz., for petitioner.

David V. Bernal, Office of Immigration Litigation, Civ. Div., Washington, D.C., for respondent.

Before WIGGINS, KOZINSKI and RYMER, Circuit Judges.

KOZINSKI, Circuit Judge:

INS regulations require that an alien in a deportation hearing who appears to be eligible for relief from deportation be so advised by the Immigration Judge. We consider whether the record here contained enough evidence of petitioner Santiago Moran–Enriquez's eligibility for relief to trigger this requirement.

### Facts

Moran was lawfully admitted to the United States for permanent residence on October 15, 1979, as an immediate relative of a United States citizen. While still on permanent resident status, he was convicted in Arizona of two crimes involving moral turpitude.[1] The INS got word of these convictions and ordered petitioner to show cause why he should not be deported. A hearing was held on September 5, 1985, before an

---

**1.** Petitioner was convicted on one count of sexual abuse of a person 15 years of age or older and one count of attempted sexual abuse of a person under 15 years of age. Arizona law classifies both crimes as nondangerous, nonrepetitive offenses.

IJ who found petitioner deportable under section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4) (1982). Represented by counsel who seemed somewhat detached from the proceedings, petitioner did not apply for any relief from deportation and the IJ stated that he did not know of any relief from deportation for which petitioner might be eligible.

Moran appealed to the Board of Immigration Appeals, claiming that he was eligible for relief under sections 245 and 212(h), 8 U.S.C. §§ 1255, 1182(h) (1982), but the BIA dismissed his appeal. Petitioner then moved to reopen his case to allow him to prove his eligibility for relief; the BIA denied the motion. Moran now petitions for review of the BIA's decisions. His principal contention is that the IJ was required to, but did not, advise him of his eligibility for relief under section 212(h) of the Act.

### Discussion

■ 1. Under 8 C.F.R. § 242.17(a) (1988), an IJ must "inform the respondent [in a deportation hearing] of his *apparent eligibility* to apply for any of the benefits [of relief from deportation] enumerated in this paragraph and ... afford him an opportunity to make application therefor during the hearing" (emphasis added). An alien who, like petitioner, has been convicted of a crime of moral turpitude, is eligible for relief from deportation only if he meets the requirements of section 212(h), which provides, under certain limited circumstances, for waiver of excludability. Under section 212(h), the alien is entitled to relief if: (1) he is the spouse, parent or child of a U.S. citizen or lawful permanent resident; (2) deportation would result in extreme hardship to the U.S. citizen or lawful permanent resident spouse, child or parent; (3) the alien's admission would not be contrary to the national welfare, safety or security of the United States; and (4) the Attorney General exercises his discretion in the alien's favor.

■ Moran meets the threshold requirement for section 212(h) relief: He has been married to a U.S. citizen since his arrival in the United States ten years ago; he is also the father of three children born of that marriage, all of whom are U.S. citizens. Whether his deportation would result in extreme hardship to his wife or children and whether he would meet section 212(h)'s other requirements was not explored in the hearing because petitioner's counsel did not raise the issue and the IJ did not advise him that section 212(h) might provide a basis for relief.

■ 2. We have held 8 C.F.R. § 242.17(a) to be mandatory; if an IJ fails to advise an alien of an avenue of relief potentially available to him, we will remand for consideration of the alien's eligibility for that relief. *See Duran v. INS*, 756 F.2d 1338, 1341–42 (9th Cir.1985). At the same time, IJs are not expected to be clairvoyant; the record before them must fairly raise the issue: " 'Until the [alien] himself or some other person puts information before the judge that makes such eligibility "apparent," this duty does not come into play.' " *Bu Roe v. INS*, 771 F.2d 1328, 1334 (9th Cir.1985) (quoting *United States v. Barraza–Leon*, 575 F.2d 218, 222 (9th Cir.1978)).

*Duran* and *Bu Roe* were fairly clear-cut. In the former, the alien's potential eligibility for relief was disclosed in the record. *Duran*, 756 F.2d at 1341. *Bu Roe* was equally clear: The record disclosed *no* information suggesting that the alien was eligible for relief. *Bu Roe*, 771 F.2d at 1334. Our case is more difficult; the record here contained evidence suggesting that petitioner was eligible for relief, but only by inference. Moran did not tell the IJ that he was the spouse, parent or child of a U.S. citizen, but the record disclosed that Moran was admitted to this country under an IR–1 visa, meaning that, at the time of entry, he had an *I*mmediate *R*elative who was a U.S. citizen. Only spouses, parents and children of U.S. citizens are considered immediate relatives under the the immigration laws. 8 U.S.C. § 1151(b) (1982). Thus, Moran's entry under an IR–1 visa made it quite likely that he met the threshold requirement for relief under section 212(h).

The INS argues that this is not sufficient to trigger the IJ's responsibility under section 242.17(a). It contends that, as in *Du-*

*ran,* the alien's eligibility as to at least one requirement must be more than merely likely, it must be fully established by the record. Indeed, the INS contends that Moran was required to show that he met the first two requirements of section 212(h) —that his wife and children were U.S. citizens *and* that his deportation would cause them extreme hardship.

█ We do not read the regulation so grudgingly. Section 242.17(a) obviously is meant to prompt the IJ to help an alien explore legal avenues of relief that might not be apparent to him or his attorney. By definition, this will involve situations where the alien does not have the wherewithal to make a complete showing of eligibility. We read the "apparent eligibility" standard of 8 C.F.R. § 242.17(a) to mean that where the record, fairly reviewed by an individual who is intimately familiar with the immigration laws—as IJs no doubt are—raises a reasonable possibility that the petitioner may be eligible for relief, the IJ must advise the alien of this possibility and give him the opportunity to develop the issue.

█ That Moran had lawfully entered the country as an immigrant should have put the IJ on notice that he might have an immediate relative who was a U.S. citizen. There are, after all, few avenues of legal immigration available to someone in petitioner's position that do *not* involve an immediate relative. An inquiry along these lines would have revealed the IR–1 visa; a few additional questions would have disclosed that petitioner came to this country because of his marriage to a U.S. citizen and that he was still married to her and had U.S. citizen children of the marriage.

█ We are mindful that our Immigration Judges discharge an important and difficult responsibility under conditions that are less than ideal. We have no doubt, for example, that the IJ's failure to suggest section 212(h) to Moran was merely an oversight, one that appears much clearer with the benefit of hindsight and forceful argument by appellate counsel. Nevertheless, we believe this is precisely the type of situation that section 242.17(a) addresses, one where the alien's eligibility for relief is suggested, but not clearly disclosed, by the record. It is in this situation that the IJ's expert attention to the facts of a particular alien's case can make the difference between pursuing an available avenue of relief and missing it altogether. While this places a significant burden on already overburdened Immigration Judges, it is a burden clearly contemplated by the regulation promulgated by the Attorney General.[2]

### Conclusion

In No. 86–7739, we grant the petition for review and remand for consideration of petitioner's claim under section 212(h). No. 89–7C010 is dismissed as moot. We are informed that petitioner's second motion to reopen is currently before the BIA. We order a stay of deportation until petitioner has exhausted all administrative and judicial remedies.

RYMER, Circuit Judge, concurring:

Given the parties' request to stay these proceedings pending consideration by the BIA of petitioner's second motion to reopen, I would defer ruling until the BIA has acted. However, I concur in the opinion of the court.

---

**2.** Because we resolve the petition on these grounds, we need not consider Moran's other arguments and dismiss his petition for review of the motion to reopen (No. 89–70010) as moot. We also need not say much about the INS's argument that remand for a hearing as to petitioner's eligibility under section 212(h) is futile because the BIA rejected the prima facie showing of eligibility he made in presenting the petition for review. Quite clearly, section 242.17(a) contemplated that the alien would be permitted to pursue a factual showing before the IJ, where he can call witnesses and present his own live testimony. In determining matters such as whether deportation would cause extreme hardship, the abbreviated procedure in a motion to reopen before the BIA is simply not a substitute.