968 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Miguel CARRILLO-AVILA, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70223.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1992.
Decided July 1, 1992.
 
 Before CANBY, REINHARDT WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Miguel Carrillo-Avila appeals from a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's 1988 deportation order and denying his motion to reopen a 1984 deportation order. We affirm the BIA's conclusion that no error occurred during the 1988 proceedings. We conclude that prejudicial error occurred during the 1984 deportation proceedings and, accordingly, order the BIA to grant the motion to reopen and remand for further proceedings.
 
 1988 Hearing
 
 3
 Carrillo-Avila contends that the immigration judge made three procedural errors in the 1988 deportation proceedings.
 
 1. Denial of a Third Continuance
 
 4
 The immigration judge's decision to refuse Carrillo-Avila a third continuance was committed to the judge's sound discretion and we will not overturn that decision absent a showing of clear abuse. Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985); see also Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988) (case-by-case review according to the facts and circumstances of each case). The immigration judge "may grant a reasonable adjournment ... for good cause shown." 8 C.F.R. § 242.13 (emphasis added). The record indicates that the immigration judge granted Carrillo-Avila two continuances, amounting to two months, to obtain counsel. Upon granting the second continuance, the judge warned Carrillo-Avila that no additional continuances would be given. Nonetheless, Carrillo-Avila appeared at the next hearing unrepresented and sought a third continuance. We agree with the BIA's conclusion that the immigration judge provided Carrillo-Avila with ample time to obtain counsel and, therefore, did not abuse his discretion by refusing to grant a third continuance.
 
 
 5
 Moreover, Carrillo-Avila has not demonstrated that he was prejudiced by the denial of the third continuance. Avila-Murrieta v. INS, 762 F.2d 733, 736 (9th Cir.1985). Carrillo-Avila has not identified new material evidence that counsel would have discovered and presented at the hearing and thereby altered the outcome. Vides-Vides v. INS, 783 F.2d 1463, 1470 (9th Cir.1986). Carrillo-Avila likely could not have made such a proffer, because the immigration judge predicated his finding of deportability on a conviction that Carrillo-Avila has not challenged. Avila-Murrieta, 762 F.2d at 736.
 
 2. Venue
 
 6
 Carrillo-Avila argues that the proper venue for his deportation hearing was Los Angeles, not Denver. We disagree. Denver was a proper venue, because the document charging Carrillo-Avila with being deportable was filed in the INS office in Denver. 8 U.S.C. § 3.19(a). Carrillo-Avila did not request a change of venue; therefore, he was not entitled to the relief afforded by 8 C.F.R. § 3.19(b).
 
 3. Inadequate Order to Show Cause
 
 7
 Carrillo-Avila summarily argues that the Order to Show Cause ("OSC") that initiated the 1988 deportation proceedings was incomplete because it did not mention Carrillo-Avila's "20 year lawful permanent residence" or the deprivation of his immigration status by the 1984 deportation proceeding. These facts were not necessary to inform Carrillo-Avila of "the act or conduct alleged to be in violation of the law," 8 C.F.R. § 242.1(b). Accordingly, the INS was not under an obligation to include these facts in the OSC.
 
 
 8
 In sum, we affirm the BIA's conclusion that the immigration judge did not commit the three asserted procedural errors relating to Carrillo-Avila's 1988 deportation hearing.
 
 1984 Hearing
 
 9
 Carrillo-Avila also sought to attack collaterally the 1984 deportation order based on 8 U.S.C. § 1251(a)(2). The BIA properly treated Carrillo-Avila's objections, which were raised for the first time during the appeal of his 1988 deportation order, as a motion to reopen the 1984 proceeding. See 8 C.F.R. §§ 3.2, 3.8(a), 103.5. We review the BIA's denial of Carrillo-Avila's motion to reopen for an abuse of discretion. INS v. Abudu, 485 U.S. 94, 96 (1988).
 
 
 10
 Carrillo-Avila asserts that the following procedural errors occurred during the 1984 proceeding:
 
 1. Failure to Inform about Bond Amount
 
 11
 Carrillo-Avila contends that he was not informed of his bond amount within twenty-four hours of the decision to institute deportation hearings, as required by 8 C.F.R. § 287.3.[1] The BIA correctly concluded that section 287.3 did not apply to Carrillo-Avila because he was arrested pursuant to a warrant. Further, the BIA did not abuse its discretion by finding that Carrillo-Avila was arrested on December 3, 1984 and that an Order to Show Cause setting his bail amount was issued on December 4, 1984.
 
 2. Notice of Deportation Hearing
 
 12
 Carrillo-Avila argues that he was not given notice of the deportation hearing seven days prior to the hearing. See 8 C.F.R. § 242.1(b). Carrillo-Avila concedes, however, that he requested a prompt hearing because he had been held for six days. Having requested the prompt hearing, Carrillo-Avila cannot now urge the granting of it as error. There is no merit to his contention that, six days' incarceration renders the request void as having been coerced.
 
 3. Expungement of Burglary Conviction
 
 13
 Carrillo-Avila argues that the deportation hearing should have been held in abeyance in accordance with an INS policy permitting some felons a reasonable opportunity to seek expungement of his 1980 burglary conviction. Matter of Tinajero, 17 I & N Dec. 424 (BIA 1980). The BIA erroneously concluded that Carrillo-Avila could have sought expungement of his burglary conviction at any time during the four years that had passed since that conviction. Section 1203.4 of the California Penal Code permits a convicted felon to request the expungement of his conviction only "after the termination of the period of probation, if he is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense." Carrillo-Avila could not have sought relief until after he was discharged from prison in 1984.
 
 
 14
 The record does not contain evidence, however, establishing that the INS's policy of delaying hearings applied to Carrillo-Avila. The policy applies only to "those cases where the sentence was suspended and probation was granted." Tinajero, 17 I & N Dec. at 425. The only proffer supporting the policy's applicability in this case is a statement by Carrillo-Avila's counsel which the BIA correctly concluded is not evidence of record. Because Carrillo-Avila has not established his eligibility for the relief he seeks, his contention fails.
 
 4. Denial of Right to Appeal
 
 15
 Carrillo-Avila contends that he was deprived of the right to appeal his 1984 deportation because he was deported the same day his order of deportation was issued by the immigration judge. He contends that his hasty deportation implicitly violated the regulation providing a 10-day period for appeal, 8 C.F.R. § 242.1, as well as the regulation requiring 72 hours notice prior to deportation, 8 C.F.R. § 243.3. The BIA concluded that Carrillo-Avila had waived his right to appeal, and had failed to establish that he had not waived the 72-hour notice requirement.
 
 
 16
 We need not review these determinations, because we have concluded above that all but one of the errors urged by Carrillo-Avila in connection with his 1984 deportation proceedings lacked merit. On the one meritorious issue, discussed immediately below, we grant relief that will render harmless any earlier failure to appeal. There is accordingly no need to decide the questions raised by Carrillo-Avila concerning the alleged denial of his right to appeal the 1984 deportation order.
 
 
 17
 5. Failure to Inform Carrillo-Avila of His Entitlement to Seek Relief under Section 212(c)
 
 
 18
 The BIA concluded that the immigration judge erred by failing to inform Carrillo-Avila properly of his apparent eligibility for relief under 8 U.S.C. § 1882(c) (section 212(c) of the Immigration and Naturalization Act), as required by 8 C.F.R. § 242.17. The BIA denied relief, however, because it concluded that it would not exercise its discretion to grant Carrillo-Avila relief under section 212(c). Ordinarily, the BIA may "leap ahead" in this manner to determine whether it would grant discretionary relief in the face of an error by an immigration judge. Abudu, 485 U.S. at 105. In this circumstance, however, it may not. "Quite clearly, section 242.17(a) contemplated that the alien would be permitted to pursue a factual showing before the IJ, where he can call witnesses and present his own live testimony." Moran-Enriquez v. INS, 884 F.2d 420, 423 n. 2 (9th Cir.1989). In the absence of such an opportunity for Carrillo-Avila to make a record, the BIA could not properly exercise its discretion because it could not be certain that it had all the necessary evidence. Thus, when the failure to notify a respondent of his right to section 212 relief, as required by section 242.17 of the regulations, is raised on direct appeal, a remand for evidentiary proceedings is required. Id. at 423.
 
 
 19
 Carrillo-Avila did not raise the section 242.17 error on direct appeal; it is presented here only in what the BIA properly construed as a motion to reopen. That fact, however, does not deprive Carrillo-Avila of his opportunity to make the presentation he would have made if he had been properly advised of his right to relief under section 212(c). In Duran v. INS, 756 F.2d 1338 (9th Cir.1984), we ordered a remand where there was no appeal from the deportation order, and the issue was raised only by a motion to reopen. We vacated the denial of the motion to reopen and remanded "with instructions to restore [the respondent] to such status as will enable her to apply for suspension of deportation on the same terms as an alien who received proper notice at the deportation hearing." Id. at 1341-42; accord Kovac v. INS, 407 F.2d 102 (9th Cir.1969). We reached these results because the "abbreviated procedure in a motion to reopen" is not a substitute for an evidentiary hearing where the petitioner can "call witnesses and provide his own live testimony." Moran-Enriquez, 884 F.2d at 423 n. 2. Carrillo-Avila is entitled to such a hearing. We conclude, therefore, that the BIA abused its discretion by failing to grant Carrillo-Avila's motion to reopen, and to afford him the same opportunity to present evidence in support of his claim for section 212(c) relief that he would have enjoyed if he had been timely advised of his right.
 
 
 20
 Accordingly, we vacate the deportation order and direct the BIA to grant the motion to reopen. We further direct the BIA to restore Carrillo-Avila to such status as will enable him to apply for relief under section 212(c) on the same terms as would have governed had he received proper notice at the 1984 deportation proceeding.
 
 
 21
 PETITION FOR REVIEW GRANTED IN PART AND DENIED IN PART; DEPORTATION ORDER VACATED; MOTION TO REOPEN ORDERED GRANTED; REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 All citations to the Code of Federal Regulations refer to the provisions as they read in 1984