107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ian SNEDDON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70451.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1996.
Decided Feb. 4, 1997.
 
 1
 Before: SKOPIL and FLETCHER, Circuit Judges, and RHOADES, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Ian Sneddon, a native and citizen of the United Kingdom, petitions for review of a decision of the Board of Immigration Appeals ("BIA"). The Board affirmed the decision of the Immigration Judge ("IJ") that found him deportable and statutorily ineligible for discretionary relief from deportation and denied his petition for a remand to the IJ. We have jurisdiction, 8 U.S.C. § 1105(a), and we affirm.
 
 I. Facts
 
 4
 Sneddon entered the United States in 1985, as a nonimmigrant visitor with authorization to remain for six months. On February 14, 1987 he married Kathleen Gilheaney, a United States citizen, who petitioned for adjustment of status for her husband.
 
 
 5
 On October 11, 1989, he was arrested and charged in San Francisco Municipal Court with possession of a controlled substance for sale. On February 26, 1992, Sneddon pled guilty to the offense of accessory after the fact to possession of a controlled substance and was sentenced to serve 51 days in jail. His conviction was expunged on July 15, 1994.
 
 
 6
 Following Sneedon's conviction, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause charging that Sneddon was subject to deportation. Before his deportation hearing took place in 1994, Sneddon was arrested and charged with several felonies. He pled guilty to assault with a deadly weapon in 1992.
 
 II. Eligibility for Discretionary Relief
 
 7
 The Board did not err in affirming the IJ's finding that Sneddon was statutorily ineligible for either suspension of deportation or voluntary departure. Both Sneddon's 1992 assault conviction and his prior arrest record for possession of a controlled substance for sale bar him from establishing the good moral character required for discretionary relief from deportation. See 8 U.S.C. §§ 1254(a) & (e) (establishing that suspension of deportation and voluntary departure may only be granted to aliens who can establish good moral character); 8 U.S.C. §§ 1182(a)(2)(A)(i)(I) & (C) (providing that those convicted of crimes of moral turpitude or those suspected of illicit trafficking in controlled substances or colluding with others to traffick in controlled substances are excludable aliens); 8 U.S.C. § 1101(f) (providing that no person shall be found to be a person of good moral character who is excludable under 8 U.S.C. § 1182(a)).
 
 
 8
 At his deportation hearing, Sneddon requested a continuance so that he might seek the expungement of his assault conviction. Immigration judges have broad discretion in deciding whether to postpone scheduled deportation hearings. See In re Luviano-Rodriguez, Int.Dec. 3267 (BIA1996). We have emphasized that the IJ's denial of a motion to continue should "not be overturned except on a showing of clear abuse." De La Cruz v. INS, 951 F.2d 226, 229 (9th Cir.1991). No such abuse was present here.
 
 
 9
 Sneddon conceded deportability for overstaying his visa. His assault conviction barred him from discretionary relief from that deportation, but it was not the basis for his deportation. Contrary to Sneddon's assertions, there is no INS policy mandating that deportation proceedings be continued whenever a petitioner seeks an expungement. When the conviction that the petitioner seeks to expunge is the basis for deportation INS policy is to grant a continuance. See Matter of Tinajero, 17 I & N Dec. 424, 425 (BIA1980) (holding that as a matter of INS policy, deportation proceedings should be continued until the respondent has had a reasonable opportunity to apply for an expungement when that conviction was the basis for deportation); Matter of Favela, 16 I & N Dec. 753, 755 (BIA1979) ("It is clear ... that if the conviction is the basis of the charge of deportability, proceedings may be deferred.").
 
 III. Denial of the Motion for Remand
 
 10
 On appeal to the Board, Sneddon requested an opportunity to apply for an adjustment of status, arguing that if he could expunge his assault conviction he would be eligible for a discretionary waiver of inadmissability under 8 U.S.C. § 1182(h).[1] We affirm the Board's denial of his request.
 
 
 11
 The Board properly determined that because Sneddon was originally charged with possession of cocaine for sale, he is an excludable alien under 8 U.S.C. § 1182(a)(2)(C) and independently barred from receiving an adjustment of status or any other discretionary relief from deportation as a result. Further, he is not eligible for a discretionary waiver of his inadmissability. See 8 U.S.C. § 1182(h) (prohibiting the Attorney General from waiving excludability under subsection (a)(2)(C)).
 
 
 12
 Sneddon's argument that his conviction for accessory after the fact is not a drug trafficking offense is unavailing because, while true, the statute allows the INS to exclude any alien whom "an immigration officer knows or has reason to believe is or has been an illicit trafficker in any controlled substance." The Board therefore may look to the original charge made against a petitioner rather than to his conviction to determine whether or not he was excludable. See Paredes-Urrestarzu v. INS, 36 F.3d 801, 810 (9th Cir.1994) ("The fact of arrest, insofar as it bears upon whether an alien might have engaged in underlying conduct and insofar as facts probative of an alien's 'bad character or undesirability as a permanent resident' arise from the arrest itself, plainly can have relevance."); Villanueva-Franco v. INS, 802 F.2d 327, 330 (9th Cir.1986) (BIA did not err in considering past criminal record as a basis for denying discretionary relief); Hamid v. INS, 538 F.2d 1389, 1391 (9th Cir.1976) ("[T]he immigration officer need not know that an individual is or has been a trafficker in order to exclude that person. The officer is justified in acting if he has 'reason to believe' that an individual is so engaged."). The evidence before the Board gave it sufficient "reason to believe" that Sneddon was involved in illicit trafficking of drugs.
 
 IV. Conclusion
 
 13
 The Board properly affirmed the IJ's finding that Sneddon was ineligible for discretionary relief from deportation as a result of his 1992 assault conviction. It properly affirmed the IJ's denial of a continuance to provide Sneddon with an opportunity to obtain an expungement of that assault conviction. It properly determined that Sneddon was independently precluded from applying for an adjustment of status and was statutorily ineligible for any other discretionary relief from deportation as a result of its reasonable belief that he was trafficking in illicit drugs.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable John S. Rhoades, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This conviction was expunged on May 5, 1995