Ramon CORRALES ALFARO;
et al., Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–71180.

Agency Nos. A75–719–425, A75–719–426.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2004.*

Decided May 20, 2004.

Ramon Corrales Alfaro, Los Angeles, CA, pro se.

Maria Socorro Rivas Gutierrez, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeF'evre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Blair T. O'Connor, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

### MEMORANDUM **

Ramon Corrales Alfaro and his spouse Maria Socorro Rivas Gutierrez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") February 13, 2003 decision denying their motion to reconsider the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**124**

BIA's August 20, 2002 order affirming an immigration judge's ("IJ") decision denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reconsider for abuse of discretion. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We dismiss the petition in part, and deny in part.

■ Petitioners contend that the BIA failed to address their argument that the IJ did not consider if they qualified for other forms of relief. This contention lacks merit because Petitioners failed to identify the potential relief the IJ allegedly did not consider. *See* 8 C.F.R. § 1003.2(b)(1) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority."); *Moran–Enriquez v. INS*, 884 F.2d 420, 422 (9th Cir.1989) ("IJs are not expected to be clairvoyant; the record before them must fairly raise the issue."). Thus, the BIA did not abuse its discretion when it denied Petitioners' motion to reconsider.

■ Petitioners also contend that the IJ violated their due process rights by pressuring them to choose between two types of voluntary departure without explaining the consequences of the choice even though they were clearly confused and were not represented by counsel. This claim lacks merit because Petitioners fail to demonstrate any prejudice resulting from the IJ's conduct. *See Cano–Merida*, 311 F.3d at 965 (requiring prejudice).

We lack jurisdiction over the BIA's August 20, 2002 order because Petitioners did not petition for review of that order within the requisite time period. *See Narayan v. INS*, 105 F.3d 1335 (9th Cir.1997) (order).

PETITION FOR REVIEW DISMISSED in part; DENIED in part.