Gladys Patricia CORONADO; Juan Carlos Garcia–Aguilar, Petitioners,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–73455.

Agency Nos. A79–587–724, A79–587–725.

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 2005.**

Decided April 19, 2005.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo A Professional Corporation, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Andrew M. Eschen, Esq., Papu Sandhu, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before NOONAN, THOMPSON, and RYMER, Circuit Judges.

MEMORANDUM ***

Gladys Patricia Coronado and Juan Carlos Garcia–Aguilar (collectively, Coronado),

*** This disposition is not appropriate for publication and may not be cited to or by the

petition for review of a decision of the Board of Immigration Appeals (BIA), affirming the Immigration Judge's (IJ) determination that they are ineligible for asylum or withholding of removal. We deny the petition.

█ Assuming that Coronado was credible, substantial evidence supports the IJ's determination that she does not qualify for asylum or withholding of removal. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); 8 U.S.C. § 1229(a). There is no evidence that the men in black who killed Coronado's brother persecuted Coronado or her family on account of any statutorily protected ground. Nor did Coronado establish that the men actually were guerillas, or worked for the government, or a quasi-official group, or were persons or groups that the government was unable or unwilling to control. Coronado also failed to establish that she has a well-founded fear of future persecution. She did not show that it is likely that her brother's political opinion would be imputed to her, that the alleged guerillas knew of his political opinion, or that in the twenty years since her brother's death whoever killed her brother would persecute her if she were to return to Guatemala. Coronado's fear that Guatemala is generally unsafe is insufficient to render her eligible for asylum. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1); *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000).

Because Coronado failed to establish eligibility for asylum she necessarily failed to demonstrate eligibility for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Finally, we lack jurisdiction to review whether the IJ violated due process because Coronado failed to exhaust this issue before the BIA. She was aware of voluntary departure as a form of relief no later than the time she appealed to the BIA, yet did not argue that the IJ should have advised her of her eligibility. 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004); *Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 819 (9th Cir.2003); *cf. Moran–Enriquez v. INS,* 884 F.2d 420 (9th Cir.1989).

PETITION DENIED.