**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCOS ORDAZ-GONZALEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-72639 <br><br> Agency No. A077-076-421 <br><br> MEMORANDUM[*] |
| MARCOS ORDAZ-GONZALEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-75051 <br><br> Agency No. A077-076-421 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 3, 2013
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: TROTT and W. FLETCHER, Circuit Judges, and STEIN, District Judge.[**]

An Immigration Judge ("IJ") denied Marcos Ordaz-Gonzalez's ("Ordaz") application for cancellation of removal and ordered him removed. Ordaz appealed to the Board of Immigration Appeals ("BIA"), which dismissed his appeal and denied his subsequent motion to reconsider. Ordaz now petitions for review of those BIA orders, and we have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because Ordaz and the government both agree that the BIA should reconsider his arguments in light of intervening case law, we remand to the BIA without addressing the merits.

The IJ found Ordaz ineligible for cancellation because he had not accrued ten years of continuous physical presence in the United States, as required by 8 U.S.C. § 1229b(b)(1)(A), and the BIA adopted the IJ's decision. The IJ found that Ordaz began accruing physical presence time in 1990, but stopped accruing time pursuant to the so-called "stop-time rule" when he was served a notice to appear ("NTA") in 1998. *See* 8 U.S.C. § 1229b(d)(1). The stop-time rule provides that continuous presence is "deemed to end . . . when the alien is served a notice to appear under [8 U.S.C. §] 1229(a)." *Id.* Ordaz claims that service of the 1998 NTA

---

[**] The Honorable Sidney H. Stein, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

2

did not end his presence pursuant to the stop-time rule because that rule is triggered only by an NTA that (1) is the charging document for the removal proceedings and (2) contains the information specified in 8 U.S.C. § 1229(a)(1).

For support, Ordaz points to *In re Cisneros-Gonzalez*, 23 I. & N. Dec. 668 (BIA 2004) (en banc), and *Garcia-Ramirez v. Gonzales*, 423 F.3d 935, 937 n.3 (9th Cir. 2005) (per curiam). In *Cisneros-Gonzalez*, the BIA "conclude[d] that the 'notice to appear' referred to in [the stop-time rule] pertains only to the charging document served in the proceedings in which the alien applies for cancellation of removal, and not to charging documents served on the alien in prior proceedings." 23 I. & N. Dec. at 672. Because the government proceeded below on a different NTA that was served in 2004 and had never filed the 1998 NTA with the immigration court, Ordaz argues that the 1998 NTA could not have triggered the stop-time rule.

In *Garcia-Ramirez*, this Court observed that an alien's continuous physical presence terminated not when he was served an NTA but when he received a subsequent notice that specified the hearing time and location. 423 F.3d at 937 n.3 (citing 8 U.S.C. § 1229(a)(1)). Ordaz contends that because the 1998 NTA similarly lacked the hearing time and location that section 1229(a)(1)(G)(i) requires, and because he was never notified of a hearing on his 1998 NTA, that

NTA was never served "*under* section 1229(a)" within the meaning of the stop-time rule. *See* 8 U.S.C. § 1229b(d)(1) (emphasis added). Thus, Ordaz argues, both *Cisneros-Gonzalez* and *Garcia-Ramirez* support his claim that he continued to accrue time after service of the 1998 NTA and that the IJ therefore erred in finding him statutorily ineligible for cancellation of removal based on the 1998 NTA.

The Court declines to consider the merits of Ordaz's claim because the parties agreed at oral argument that the Court should remand to the BIA to consider both of these arguments in light of developments in the law while this appeal was pending. Most notably, the BIA in 2011 found the stop-time rule ambiguous and invoked *Chevron* deference to construe the statute. *See Matter of Camarillo*, 25 I. & N. Dec. 644, 651 (BIA 2011) (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984)). Under *Camarillo*, presence is deemed to end when an alien is served an NTA even if the NTA lacks the hearing time and location—at least if that information is later provided and the NTA is the operative charging document in the removal proceedings. *Id.* at 652; *but cf. Guamanrrigra v. Holder*, 670 F.3d 404, 410 (2d Cir. 2012) (per curiam) (deeming presence to end not when NTA lacking hearing details was served, but when subsequent hearing notice was served).

4

Accordingly, we grant the petition for review of the dismissal of Ordaz's appeal, No. 08-72639, and remand to the BIA for reconsideration. Because we grant that petition, we need not address the BIA's denial of his motion to reconsider the dismissal of that appeal. Thus, we dismiss petition No. 08-75051 as moot. *See Moran-Enriquez v. INS*, 884 F.2d 420, 423 n.2 (9th Cir. 1989).

Petition for review No. 08-72639 is GRANTED. The May 29, 2008 order of the BIA is therefore VACATED, and the case REMANDED. Petition for review No. 08-75051 is DISMISSED as moot.