NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50322 |
| Plaintiff-Appellee, | D.C. No. 8:18-cr-00002-DOC-1 |
| v. | |
| VALENTIN FUENTES CARREON, AKA Valentin Carreon Fuentes, AKA Valentin Fuentes Carrion, AKA Valentin Fuentes-Carreon, AKA Valentin Fuentescarreon, AKA Octavio Ortiz, AKA Martin Oscar Perez, AKA Soriano Alberto Rojas, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted August 13, 2019**
Pasadena, California

Before: CALLAHAN, FISHER,*** and CHRISTEN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Defendant-Appellant Valentin Fuentes Carreon appeals the district court's denial of his motion to dismiss the indictment and appeals his conviction and 18-month sentence for being an alien in the United States after deportation in violation of 8 U.S.C. § 1326(a). Fuentes Carreon collaterally attacks his underlying removal order on due process grounds.

We have jurisdiction under 28 U.S.C. § 1291. "We review a collateral attack to a deportation order de novo." *United States v. Lopez-Velasquez*, 629 F.3d 894, 896 (9th Cir. 2010) (en banc). We affirm.[1]

Section 1326(d) provides that "an alien may not challenge the validity of the deportation order described in subsection (a)(1) . . . unless the alien demonstrates that . . . the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d)(3); *see also United States v. Valdez-Novoa*, 780 F.3d 906, 913 (9th Cir. 2015) (appealing denial of motion to dismiss a § 1326 indictment on the basis that the underlying removal order was invalid). The fundamentally unfair prong is a two-part inquiry requiring that "(1) [the alien's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1263 (9th Cir. 2013) (alteration in original) (quoting *United States v. Ubaldo-Figueroa*, 364

---

[1] The facts are familiar to the parties and are restated here only as necessary to resolve the issues on appeal.

2

F.3d 1042, 1048 (9th Cir. 2004)). Due process requires an immigration judge (IJ) to "inform an alien of his 'apparent eligibility' for forms of relief such as voluntary departure." *Valdez-Novoa*, 780 F.3d at 913 (citing 8 C.F.R. § 1240.11(a)(2)).

Eligibility for relief is "apparent" when "the record, fairly reviewed by an individual who is intimately familiar with the immigration laws[,] . . . raises a reasonable possibility that the petitioner may be eligible for relief." *Rojas-Pedroza*, 716 F.3d at 1263 (alteration in original) (quoting *Lopez-Velasquez*, 629 F.3d at 896). The "inquiry 'focuse[s] on whether the factual circumstances in the record before the IJ suggest that an alien could be eligible for relief,'" *id.* (alterations in original) (quoting *Lopez-Velasquez*, 629 F.3d at 900), but because "'IJs are not expected to be clairvoyant' . . . an IJ need not advise an alien of possible relief when the record lacks such a factual basis." *Id.* (quoting *Lopez-Velazquez*, 629 F.3d at 900).

Here, the record supports that it was not "apparent" to the IJ that Fuentes Carreon was eligible for voluntary departure. At Fuentes Carreon's removal proceeding, the IJ asked him, "And so, you've never been granted voluntary departure?" Fuentes Carreon answered, "When I was deported, I believe it was voluntary deportment." The government affirmed: "It looks like he has a voluntary departure from March 25th, 2010 through San Ysidro." The parties' assertions that Fuentes Carreon had been previously deported indicated that he was not eligible

for voluntary departure. Thus, the record lacks any factual basis to suggest eligibility. As a result, "[u]ntil the alien himself or some other person puts information before the judge that makes such eligibility apparent," the IJ's duty to advise the alien of relief "does not come into play." *Lopez-Velazquez*, 629 F.3d at 900 (quoting *Moran-Enriquez v. I.N.S.*, 884 F.2d 420, 422 (9th Cir. 1989)). There was no defect in the underlying 2015 removal proceeding.

**AFFIRMED.**[2]

---

[2] We grant Fuentes Carreon's unopposed motions (Dkt. Nos. 30, 34) to file his reply brief late. We deny Fuentes Carreon's motion to take judicial notice (Dkt. No. 13).