**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTOS PAR-JIATZ, | No. 20-72980 |
| Petitioner, | Agency No. A205-576-116 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2021**
San Francisco, California

Before: PAEZ, WATFORD, and FRIEDLAND, Circuit Judges.

Petitioner Santos Par-Jiatz ("Par-Jiatz"), a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") denial of his application

for asylum and withholding of removal. We review factual findings for substantial

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review in part, deny it in part, and remand to the BIA for further proceedings.

**1.** Par-Jiatz challenges the agency's adverse credibility finding. Substantial evidence, however, supports that finding. Because Par-Jiatz filed his withholding of removal application after May 11, 2005, the IJ was required to base his credibility determination on the "totality of the circumstances and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)) (cleaned up). An IJ must "provide specific and cogent reasons supporting an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010). When assessing credibility, an IJ may consider inconsistencies between a noncitizen's statements and other record evidence that are not "mere trivial error[s]" and omissions that constitute "[m]aterial alterations in the [non-citizen's] account of persecution." *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011); *Shrestha*, 590 F.3d at 1044.

Specific and cogent reasons support the agency's adverse credibility determination. The BIA noted several inconsistencies between Par-Jiatz's testimony and his affidavit ("personal statement") as the basis for the IJ's adverse credibility finding: (1) inconsistent statements regarding "who [in his family] received the threats from the gangs," (2) inconsistent statements regarding

2

"whether [Par-Jiatz's] family contacted the police after the threats," and (3) "omission[s] from his personal statement regarding the hardships he suffered because of his indigenous status." All three inconsistencies concerned Par-Jiatz's alleged persecution and were not mere trivial discrepancies. *Shrestha*, 590 F.3d at 1044. These inconsistencies between Par-Jiatz's oral testimony and his personal statement in support of his application, in light of all the circumstances, provide substantial evidence for the adverse credibility finding. *Id*. at 1039, 1044. We therefore reject Par-Jiatz's challenge to the adverse credibility finding.

**2.** Par-Jiatz further challenges the agency determination that his asylum application was untimely. We generally do not consider matters not "specifically and distinctly argued in [the] appellant's opening brief." *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013) (citation omitted). In his opening brief, Par-Jiatz merely asserts, in conclusory fashion, that the IJ "abused his discretion" in denying his asylum application as untimely. This conclusory statement, without any analysis, is insufficient to properly contest the agency's determination that his asylum claim was untimely. *Id.* Any such argument is waived.

**3.** Next, Par-Jiatz contends that the agency erred in denying his application for withholding of removal. Although the BIA upheld the IJ's adverse credibility finding, it also addressed the merits of Par-Jiatz's withholding claim and affirmed the IJ's denial of relief. Par-Jiatz's only challenge to that determination is to

3

contest the adverse credibility finding, but that argument fails, as discussed above. Therefore, the BIA properly affirmed the IJ's denial of withholding of removal.

**4.** Finally, Par-Jiatz contends that the IJ erred in failing to address whether he was eligible for post-conclusion voluntary departure under 8 C.F.R. § 1240.11(a)(2). An IJ's failure to inform a noncitizen of his "apparent eligibility" for such relief violates 8 C.F.R. § 1240.11(a)(2). *United States v. Gonzalez-Flores*, 804 F.3d 920, 926–27 (9th Cir. 2015). As the record reflects, at no time during the merits hearing did the IJ inform Par-Jiatz of the availability of voluntary departure. The BIA concluded that the IJ did not err, as Par-Jiatz was represented by counsel and did not request voluntary departure. Our case law, however, does not require that a noncitizen specifically request voluntary departure, irrespective of whether he is represented by counsel; rather, an IJ has an obligation to inform a noncitizen of his apparent eligibility for relief. 8 C.F.R. § 1240.11(a)(2); *United States v. Lopez-Velasquez*, 629 F.3d 894, 896–900 (9th Cir. 2010) (en banc); *see also Moran-Enriquez v. INS*, 884 F.2d 420, 423 (9th Cir. 1989) (holding that 8 C.F.R. § 1240.11(a)(2) is "meant to prompt the IJ to help an alien explore legal avenues of relief that might not be apparent to him or his attorney"). The government argues that even if Par-Jiatz had been informed of the availability of post-conclusion voluntary departure, he would have been ineligible for such relief and urges us to reject Par-Jiatz's argument on that basis. We decline to do so. Par-Jiatz's

eligibility for post-conclusion voluntary departure is an issue that must be decided by the agency in the first instance. Therefore, we grant the petition on this issue and remand to the agency to determine whether Par-Jiatz is eligible for voluntary departure.

      **GRANTED** in part, **DENIED** in part, and **REMANDED** for further proceedings.