Saul ZUNIGA–BANUELOS; Patricia De–Zuniga–Torres; Jessica Zuniga–Torres; Randy Zuniga–Torres, Petitioners,

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 01–70614.
INS Nos. A73–455–554, A73–445–555, A73–445–556, A73–445–557.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2002.*

Decided July 31, 2002.

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before B. FLETCHER and GOULD, Circuit Judges, and MURGUIA, District Judge.**

MEMORANDUM ***

Petitioners, Saul Zuniga–Banuelos, Patricia De ZunigaTorres, Jessica Zuniga–Torres, and Randy Zuniga–Torres, natives and citizens of Mexico, seek review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of their motion to reopen proceedings and of the BIA's final orders of deportation entered on March 28, 2001. Petitioners contend that the BIA and IJ violated their right to due process in that the BIA failed to consider alternative applications for voluntary departure and that the IJ failed to inform them, of their eligibility for relief from deportation in the form of voluntary departure. Petitioners also argue that the BIA's dismissal of their

** The Honorable Mary H. Murguia, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

motion to reopen constituted an abuse of discretion and a violation of due process because the BIA did not take into account that the petitioners could have advanced their individual hearing date, on the suspension application, to a date prior to April 1, 1997.

The Court lacks jurisdiction over both these claims because they were not raised before the IJ or the BIA, and consequently neither the IJ nor the BIA could have addressed them. Accordingly, we dismiss the petition for review.

█ Section 1069(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1105a(c) provides the following:

"An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations . . ."

*Id.*

By failing to raise either of their two claims before the IJ or the BIA, petitioners have failed to exhaust their administrative remedies as required by statute.

"[I]t is an established principle that this court does not sit as an administrative agency for the purpose of fact-finding in the first instance, and if a petitioner wishes to preserve an issue for appeal, he must first raise it in the proper administrative forum." *Tejeda–Mata v. Immigration and Naturalization Service*, 626 F.2d 721, 726 (9ᵗʰ Cir.1980) "Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to

that question and deprives this court of jurisdiction to hear the matter." *Vargas v. Immigration and Naturalization Service*, 831 F.2d 906, 907–908 (9ᵗʰ Cir.1987).

In this case, both the IJ and BIA have procedures to hear petitioners' claims. *See Tejeda–Mata*, 626 F.2d at 726 (finding that petitioner's failure to raise INS's noncompliance of a regulation to the IJ or the BIA constituted a failure to exhaust administrative remedies and precluded the Court's consideration of the issue). Furthermore, the BIA has "authority to reopen cases to fix administratively correctable procedural errors, even when these errors are failures to follow due process." *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995). Consequently, Petitioners should have presented their claims to the IJ through their motion to reopen or to the BIA on appeal. Because they failed to do so, this Court has no jurisdiction over them.

█ Petitioners' failure to exhaust their administrative remedies notwithstanding, if the IJ failed to inform the petitioners of the possibility of voluntary departure, or any other possible relief that the record reasonably indicates the petitioners may have been eligible for, due process would require us to remand this matter back to the IJ for a determination of whether petitioners are entitled to voluntary departure or other relief.[1] *United States v. Muro–Inclan*, 249 F.3d 1180, 1183–84 (9th Cir.2001); *United States v. Arce–Hernandez*, 163 F.3d 559, 563 (9th

---

1. Typically, this Court lacks jurisdiction to review any claim that petitioners were deprived of the right to apply for voluntary departure because voluntary departure is a discretionary decision which this Court is barred from reviewing pursuant to INA section 244. *See, Antonio–Cruz v. INS*, 147 F.3d 1129, 1130 (9th Cir.1998)(citing The Illegal

Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA") § 309(c)). Therefore, even if petitioners had applied for voluntary departure in their motion to reopen or in their appeal to the BIA, this Court would be statutorily barred from reviewing any discretionary denial of it.

Cir.1998), and *Moran–Enriquez v. INS*, 884 F.2d 420, 423 (9th Cir.1989).

Because there is no transcript of the petitioners' May 29, 1996 hearing before the IJ, it is unclear whether the IJ informed the petitioners of the possibility of voluntary departure. Clearly, due process and considerations of basic fairness would, in certain situations, require us to remand this matter back to the IJ for lack of a transcript. However, there is no record of the May 29th proceedings, because the petitioners, who were represented by counsel, failed to properly appeal the IJ's actions from that day. Had the petitioners properly appealed to the BIA there would have been a transcript from that day, and we would be able to determine if the IJ properly fulfilled his duties. Thus, we must determine if the lack of a transcript automatically requires remand to the IJ.

"... [A]n alien who is not made aware that he has a right to seek relief necessarily has no meaningful opportunity to appeal the fact that he was not advised of that right." *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000). In *Arrieta*, we determined, after a review of the full record below, that the IJ's failure to inform the petitioner of the possibility of relief from deportation prevented the petitioner from making a "considered and intelligent" decision about whether to apply for a waiver or appeal the IJ's deportation order. *Id.* In evaluating petitioner's decisions, we placed significance on the fact that the petitioner was not represented by counsel during his deportation proceedings. *Id.*

Unlike in *Arrieta*, in the current matter, a full record of the proceedings below does not exist despite the fact that petitioners were represented by counsel through out the deportation proceedings. While the fact that petitioners were represented by counsel does not relieve an IJ of her mandatory duty to inform an alien of her right to relief from deportation, in this instance, where the acts of the petitioners have prevented us from accurately determining whether or not the IJ fulfilled his duties and there is no evidence that petitioners' acts were made in anything less than a considered and intelligent manner, remand is not required. Remanding this matter to the IJ would place a burden on the government to preserve the administrative record in each and every instance where a petitioner either fails to appeal or fails to do so in a comprehensive manner. While such a burden might be required in certain situations to preserve a petitioner's due process rights, in light of the fact that petitioners were represented by counsel, such a burden is unwarranted.

PETITION DISMISSED.