**Dung Huu BUI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 94–70399.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 1995.

Decided Feb. 2, 1996.

Michael W. Bien and Mary Ann Cryan, Rosen, Bien & Asaro, San Francisco, California, for petitioner.

Emily Anne Radford and David V. Bernal, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondent.

Before: NORRIS, BEEZER and TROTT, Circuit Judges.

Opinion by Judge Beezer

BEEZER, Circuit Judge:

We are called upon to decide whether the Immigration and Naturalization Service may deny an alien his opportunity to designate a country of deportation and then hold this error harmless, predicting that the country he would have designated would not have accepted him. We hold that the INS may not deny an alien this opportunity nor rely upon such a prediction, and we grant the petition for review.

## I

Dung Huu Bui petitions for review of the dismissal of his appeal by the Board of Immigration Appeals ("BIA"). Bui is a native and citizen of Vietnam who entered the United States with his mother and seven siblings in 1991, under lawful permanent resident status. After Bui pleaded guilty to robbery and received a 34 month sentence in 1993, the United States initiated deportation proceedings under 8 U.S.C. § 1251(a)(2)(A)(i). Informed of his right to counsel, Bui elected to represent himself at a very brief deportation hearing. Neither counsel for the Immigration and Naturalization Service ("INS") nor the immigration judge ("IJ") knew of any relief from deportation for which Bui might be eligible. The IJ did not know of a country other than Vietnam that would accept Bui, and he ordered Bui deported to Vietnam without giving Bui an opportunity to make a designation of an alternative country.

On appeal, the BIA found that the IJ had committed error by failing to notify Bui of his right to designate a country of deportation. The BIA concluded, however, that Bui had failed to promptly designate a country on appeal, rendering the IJ's error harmless. The BIA also found that the IJ had no obligation to inform Bui of relief from deportation because the record did not raise a reasonable possibility of eligibility for such relief.

Bui challenges these findings on appeal and seeks attorney's fees under the Equal Access to Justice Act. 28 U.S.C. § 2412. We have jurisdiction under 8 U.S.C. § 1105a, and we grant the petition for review.

## II

We review de novo the BIA's determination of purely legal questions, including the interpretation of the Immigration and Nationality Act. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). While we give some deference to the BIA's interpretation of the immigration laws, we are not obligated to accept an interpretation that is "demonstrably irrational or clearly contrary to the plain

and sensible meaning of the statute." *Navarro–Aispura v. INS,* 53 F.3d 233, 235 (9th Cir.1995).

### III

■■■ Under 8 U.S.C. § 1253(a), an alien has a right to designate a country of deportation. We have characterized the right as a substantive right and have found that the failure to afford an alien this right constitutes reversible error. *Rodriguez–Agustin v. INS,* 765 F.2d 782, 784 (9th Cir.1985) (per curiam); *Maldonado–Sandoval v. INS,* 518 F.2d 278, 280 n. 3 (9th Cir.1975). INS regulations specifically require the IJ to provide an alien an opportunity to make this designation.[1] The INS must follow its own regulations. *Duran v. INS,* 756 F.2d 1338, 1342 (9th Cir.1985).

The BIA found that Bui's failure to designate a country on appeal rendered the IJ's error harmless. Bui had no opportunity to make the designation before the IJ and had no notice that he should make a designation before the BIA.

■■■ The decisions of both the IJ and the BIA rested upon the assumption that no country other than Vietnam would accept Bui. This assumption was erroneous as a matter of law. Because the INS must wait a reasonable time for the designated country to accept, reject or ignore an alien's application before deporting the alien to another country, an IJ may not rely upon a prediction of which country may or may not accept the alien. That decision lies with the designated country; INS officials may not cut off an alien's opportunity to have the designated country take action on the application.

The BIA's decision compounds this error by placing the burden on Bui to make a designation on appeal. A designation before the BIA would not have helped resolve the

difficulty created by the IJ's error. Even if an alien were to make a designation on appeal, the BIA could not then predict the decision of the country designated and find harmless error.

Neither the IJ nor the BIA may predict the actions of another country in this context. Allowing IJs to do so would strip aliens of their right to designate a country, and allowing the BIA to engage in harmless error analysis contingent upon the designation would insulate the original error from correction. This contravenes the plain meaning of the statute and the regulation. Because the INS never afforded Bui his right to designate a country of deportability, we grant Bui's petition for review and remand for a designation.

### IV

■■■ Bui also challenges the BIA's finding that the record did not disclose a reasonable possibility of Bui's eligibility to apply for relief under 8 U.S.C. 1182(h) ("section 212(h)"). Under 8 C.F.R. § 242.17(a), an IJ must inform an alien in a deportation hearing of the alien's "apparent eligibility" to seek relief under the Act. This provision is mandatory. *Moran–Enriquez v. INS,* 884 F.2d. 420, 422 (9th Cir.1989). "Apparent eligibility" is a reasonable possibility that the alien may be eligible for relief. *Id.* at 423.

The record reveals Bui's apparent eligibility for relief under section 212(h). Section 212(h) contains requirements for a waiver of excludability when an alien applies for an adjustment of status under 8 U.S.C. § 1255(a) ("section 245"). Aliens subject to deportation proceedings may apply for relief under sections 245 and 212(h). *Id.* Section 245 would allow Bui an adjustment of status if he applied, obtained a waiver of admissibility under section 212(h), and had an immediately available visa. 8 U.S.C. § 1255(a).

---

1. The regulation provides:

   The immigration judge shall notify the respondent that if he is finally ordered deported his deportation will in the first instance be directed pursuant to section 243(a) of the Act to the country designated by the respondent and shall *afford him an opportunity then and there to make such designation.* The immigration judge shall then specify and state for the record the country, or countries in the alternative, to which respondent's deportation will be directed pursuant to section 243(a) of the Act if the country of his designation will not accept him ... or fails to furnish timely notice of acceptance, or if the respondent declines to designate a country.

   8 C.F.R. § 242.17(c)(1) (emphasis added).

Section 212(h) provides for waiver of excludability where: (1) the alien is the spouse, parent or child of a lawful permanent resident; (2) the exclusion would result in extreme hardship to the lawfully resident relative; and (3) the Attorney General exercises her discretion in the alien's favor. 8 U.S.C. § 1182(h).

In *Moran–Enriquez,* we reviewed a petition filed by an alien who, like Bui, had been found deportable after committing a crime. We held that the IJ had committed error by failing to inform the alien of his eligibility for a waiver of excludability under section 212(h). The INS argues that, unlike the petitioner in *Moran–Enriquez,* Bui would not qualify for an adjustment of status because he could not show that "an immigrant visa [was] immediately available," a requirement that Moran–Enriquez could "in theory" have met. The INS contends that under the current system for granting visas to children of resident aliens, Bui would have had to file an application in 1991.

The IJ and the BIA, however, did not address the necessity of this theoretical application in assessing the availability of relief under sections 245 and 212(h). Instead, they concluded summarily that Bui had no relief available. In *Moran–Enriquez,* we reversed such a conclusion, stating that the record raised an inference that petitioner had a relative who was a U.S. citizen and that inference should have raised the possibility of relief in the IJ's mind. 884 F.2d at 423. Here, the record disclosed that Bui entered the United States at sixteen years of age under lawful permanent resident status; this also should have raised an inference of the existence of relatives and the possibility of relief. As a person "intimately familiar with the immigration laws," the IJ should have at least considered the possibility of relief under section 212(h). *Id.*

 The regulations do not require the IJ to scour the entire record or to interrogate an alien regarding all possible avenues of relief; neither do they require, however, a reviewing court to conclude that an alien would certainly qualify for relief. In the end, Bui may not prevail under sections 245 and 212(h) because of the unavailability of an immigrant visa. However, the IJ ignored signs that section 212(h) might provide relief for Bui, and we will not search the record for theoretical pitfalls along a road down which the IJ (and the BIA) never turned. Because the record demonstrates a reasonable possibility of eligibility for section 212(h) relief, we grant the petition for review, reverse the BIA's dismissal of Bui's appeal of the IJ's failure to inform him of this relief, and remand for a new deportation hearing.

## V

 We also award attorney's fees and costs to Bui for this appeal pursuant to the Equal Access to Justice Act. 28 U.S.C. § 2412. The INS position, particularly in regards to Bui's designation of a country of deportability, was not "substantially justified" under 28 U.S.C. § 2412(d)(1)(A). *INS v. Jean,* 496 U.S. 154, 155, 110 S.Ct. 2316, 2317, 110 L.Ed.2d 134 (1990).

REVIEW GRANTED, REMANDED.