Zdenko DABIZLJEVIC, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–71505.
INS No. A16–057–306.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 2001.

Decided June 5, 2001.

Before BOOCHEVER, SILVERMAN,
and GEORGE,* Circuit Judges.

* The Honorable Lloyd D. George, Senior United States District Judge for the District of Nevada, sitting by designation.

MEMORANDUM \*\*

Petitioner Zdenko Dabizljevic, a native of the former Yugoslavia, petitions for review of the BIA's denial asylum and withholding of deportation from Slovenia and to Serbia. We have jurisdiction pursuant to 8 U.S.C. § 1005a and we deny the petition for review. *See Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir.1997); *Narayan v. INS*, 105 F.3d 1335 (9th Cir.1997).[1]

■ We must affirm the BIA's decision if there is reasonable, substantial and probative evidence to support the decision based on the record as a whole. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Velarde v. INS*, 140 F.3d 1305, 1309 (9th Cir.1998). We can reverse only if the evidence presented by the alien is "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." *Elias–Zacarias*, 502 U.S. at 484, 112 S.Ct. 812. Because the BIA clearly adopted the IJ's opinion as its opinion, we treat the IJ's statement of reasons as the BIA's reasons for the decision and review the IJ's decision for abuse of discretion. *Alaelua v. INS*, 45 F.3d 1379, 1382 (9th Cir.1995).

■ Petitioner first argues that the IJ erred in designating Slovenia, with Serbia as an alternate, because he last resided in Kosovo while he attended school. Because petitioner declined to designate a country, the IJ acted within his authority when he designated Slovenia, where petitioner was born, and the alternative Serbia (Kosovo), where petitioner resided. 8 U.S.C. § 1253(a); 8 C.F.R. § 242.17(c)(1); *Bui v. INS*, 76 F.3d 268, 270 n. 1 (9th Cir.1996).

■ Petitioner argues that he will face future persecution in both Slovenia and Serbia. To establish eligibility for asylum, petitioner must show past persecution or that he has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group or political opinion. *Meza–Manay v. INS*, 139 F.3d 759, 763 (9th Cir. 1998).

■ Substantial evidence supports the BIA's conclusion that petitioner will not face future persecution because he was a member of the Yugoslav navy and the Yugoslav army briefly and unsuccessfully resisted Slovenia's declaration of independence. The evidence showed that Slovenia is a parliamentary democracy that has been a safe haven, persons of all ethnicity were represented in the Yugoslav military, and petitioner had already resigned from the navy when the fighting took place during the summer of 1991 in Slovenia.

■ Petitioner argues that he faces future persecution in the alternative country, Serbia, because his mother was Slovenian and his father was Serbian. However, petitioner presented no evidence that individuals of mixed Slovenian/Serbian ancestry face persecution in Serbia. Petitioner also

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), repealed 8 U.S.C. § 1005a and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. *See* IIRIRA § 306(c)(1), Pub.L. No. 104–208, 100 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656. The transitional rules under the IIRIRA apply to this case because exclusion proceedings were initiated before April 1, 1997 (OSC served 2/9/1996) and the BIA's decision was entered after October 31, 1996 (10/22/1999). *Id.* at 309(c)(1). These rules, found in the notes to 8 U.S.C. § 1101, do not affect the review of asylum claims except that appeals of BIA decisions must be filed within 30 days. This appeal was timely under the transitional rules.

argues that he faces future persecution in Serbia because he did not serve in the Serbian army. While he was working on a ship, the army visited his father's home looking for him to serve. There is no evidence that the government continued to have an interest in petitioner after the first inquiry or that petitioner will be punished for not joining the army. In any event, punishment merely for not joining the military is generally not regarded as persecution. *Elias-Zacarias,* 502 U.S. at 481, 112 S.Ct. 812; *Abedini v. INS,* 971 F.2d 188, 191 (9th Cir.1992); *Alonzo v. INS,* 915 F.2d 546, 548 (9th Cir.1990).

The BIA did not consider changed country conditions when it made its decision. Petitioner now argues that the BIA should have taken administrative notice of the changed country conditions. However, we have no jurisdiction to consider the claim because petitioner never asked the BIA to take such notice. *Ortiz v. INS,* 179 F.3d 1148, 1152 (9th Cir.1999); *Vargas v. INS,* 831 F.2d 906, 907 (9th Cir.1987); *Rashtabadi v. INS* 23 F.3d 1562, 1567 (9th Cir. 1994).

■ Because petitioner has not established eligibility for asylum, he has not met the higher burden of proving that he is entitled to withholding of deportation. *See Marcu v. INS,* 147 F.3d 1078, 1083 (9th Cir.1998).

PETITION FOR REVIEW DENIED.