**Juan Fernando ACOSTA–SORIANO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–70649.

INS No. A73–932–053.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2003.*

Decided March 18, 2003.

Before T.G. NELSON, SILVERMAN and MCKEOWN, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Juan Fernando Acosta–Soriano, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' dismissal of his appeal from the Immigration Judge's denial of his motion to re-open deportation proceedings as untimely. We have jurisdiction, 8 U.S.C. § 1105a(a)(2),[1] and grant the petition. The parties are familiar with the facts and, therefore, we only discuss those relevant to our analysis.

In May 1995, Acosta had an approved I–130 visa petition with a priority date assigned. However, the priority date had not yet become current. Pending a current priority date, Acosta sought asylum. INS then instituted deportation proceedings. The record establishes that a lawyer entered an appearance on Acosta's behalf at a subsequent hearing held in November 1995. During those proceedings, Acosta's lawyer withdrew Acosta's asylum application, and asked for voluntary departure which was granted. The record establishes that Acosta's hearing lasted approximately three minutes and that the proceeding and its consequences were never adequately explained to him as required by INS regulations. *See* 8 C.F.R. § 242.17 (1996); *Bui v. INS*, 76 F.3d 268, 270 (9th Cir.1996). Acosta did not receive subsequent notices directing him to report for deportation; the notices were returned as undeliverable.

The INS issued a warrant of deportation/removal in October 1997. In 2000, apparently unaware of the existence of his deportation warrant, Acosta filed an I–485 application to adjust his status to permanent resident. The INS accepted Acosta's application. In 2001, during his final interview, INS agents arrested Acosta on the outstanding warrant. Acosta then immediately moved to re-open his 1995 proceedings.

Based on the record, we are not satisfied that Acosta received proper advice and notice regarding voluntary departure. Therefore, the time for filing his motion to re-open was equitably tolled. *See, e.g., Dobrota v. INS*, 311 F.3d 1206, 1211 (9th Cir.2002) (granting relief for deficient notice). Acosta sufficiently raised this issue in the administrative proceedings and in his opening brief in this court. We therefore grant the petition and remand for the BIA to address the merits of Acosta's motion to reopen for adjustment of status.

PETITION GRANTED and REMANDED

SILVERMAN, Circuit Judge, dissenting.

I would deny petition. In my opinion, the BIA did not clearly err in holding that the motion to reopen was untimely and not saved by equitable tolling.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Illegal Immigration Reform and Immigration Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 (1996) ("IIRIRA") repealed 8 U.S.C. § 1105a and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. *See* IIRIRA § 306(c)(1),

Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), *as amended by* Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, this court continues to have jurisdiction pursuant to 8 U.S.C. § 1105a. *See* IIRIRA § 309(c)(1).