**Miguel CERVANTES–CARDENAS,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 02–70125.

INS No. A90–070–854.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2003.

Decided April 18, 2003.

Before B. FLETCHER, HAWKINS, Circuit Judges, and BURY, District Judge.*

MEMORANDUM**

Petitioner Miguel Cervantes–Cardenas, a citizen of Mexico, who is a lawful permanent resident of the United States, appeals the decision of the Board of Immigration Appeals (BIA) holding that he is removable because his California conviction for transporting 158 pounds of marijuana was an aggravated felony. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we affirm.

Although we review de novo the BIA's determination of purely legal issues, *see*

---

* Hon. David C. Bury, U.S. District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1187 (9th Cir.2001) (en banc), we defer to the BIA's interpretation of immigration laws unless it is contrary to the plain meaning of the statute. *Bui v. INS,* 76 F.3d 268, 269–70 (9th Cir.1996).

Cervantes–Cardenas was convicted of transporting marijuana in violation of California Health & Safety Code § 11360(a). The BIA found that his conviction was an aggravated felony because it constituted illicit trafficking in a controlled substance as defined by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* The BIA reasoned that the quantity of marijuana involved indicated that Cervantes–Cardenas's transportation was not for personal use and therefore had a sufficient nexus to unlawful trafficking to be an aggravated felony.

We have previously held that § 11360(a) "is an extremely broad statute," *see United States v. Rivera–Sanchez,* 247 F.3d 905, 908 (9th Cir.2001) (en banc), and that not every violation of it will constitute an aggravated felony. *Id.* at 909. Although we reaffirm this principle, we find that it was not irrational for the BIA to determine that Cervantes–Cardenas's conviction for transportation of 158 pounds of marijuana constituted an aggravated felony. Accordingly, the petition is DENIED.