Flavia Maboloc CAHOON, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72891.
Agency No. A70–638–201.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2004.

Decided Sept. 10, 2004.

Gail A. Dulay, Esq., San Diego, CA, for Petitioner.

Howard–Hom, San Diego, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Executive Office of Immigration Review, San Diego, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Mark C. Walters, Esq., Anh–Thu P. Mai, Washington, DC, James R. Grimes, Esq., Margaret Perry, Esq., Washington, DC, for Respondent.

Before NOONAN, KLEINFELD, and BERZON, Circuit Judges.

### MEMORANDUM *

Cahoon is statutorily barred from adjustment of status. The immigration judge found that she "came to the United States as the fiancee of Hammes." She sought adjustment based on a marriage to a different person, not Hammes. Hammes filed the petition for her visa. Under 8 U.S.C. § 1255(d), the Attorney General may not adjust the status of a § 1101(a)(15)(K) non-immigrant except "as a result of the marriage of the nonimmigrant ... to the citizen who filed the petition...."

Cahoon's argument that the BIA denied her due process of law by affirming the immigration judge's decision without opinion is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851–52 (9th Cir. 2003). We need not address whether her case was properly streamlined by the BIA because our review of the merits of her case makes such review superfluous.

Pursuant to *Desta v. Ashcroft,* Cahoon's motion for stay of removal included a timely request for stay of voluntary departure.[1] Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc,* to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

Petition DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

BERZON, Judge.

I concur in the majority's denial of Cahoon's claim to adjustment of status based on her current marriage.

I would grant the petition for review in part, however. The IJ did not inform Cahoon of her "apparent eligibility" for relief pursuant to the application she made for adjustment of status based on her marriage to Hammes. *See* 8 C.F.R. § 1240.11(a)(2) ("The immigration judge shall inform the alien of his or her apparent eligibility to apply for any of the benefits enumerated in this chapter and shall afford the alien an opportunity to make application during the hearing."). We have held that the IJ's obligation to inform is "mandatory." *Bui v. INS,* 76 F.3d 268, 270 (9th Cir.1996). " 'Apparent eligibility' is a reasonable possibility that the alien may be eligible for relief." *Id.*

At the time of her removal hearing, there was a reasonable possibility that Cahoon was eligible for relief. Her application based on the Hammes marriage had been denied by the INS because of the Drury marriage, the validity of which was not determined by the IJ. If the Drury marriage was invalid, then the Hammes marriage may have been a valid basis for adjustment of status. The denial of Cahoon's application stated in part that: "You may renew your application for status as a permanent resident during [removal] proceedings." *See* 8 C.F.R. § 216.5(f) ("No appeal shall lie from the decision of the director; however, the alien may seek review of such decision in removal proceedings.").

Had Cahoon's application to the INS been successful, she would have become a conditional and then a permanent lawful resident within the required two years of

---

1. *Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004).

her marriage to Hammes. Cahoon's divorce from Hammes and Hammes' failure to join her application were not a bar to complete relief because, pursuant to 8 U.S.C. § 1186a(c)(4), Cahoon could have obtained a hardship waiver of the ordinary requirement that a qualifying marriage be intact at the time of application.

In sum, the IJ's failure to address the validity of Cahoon's marriage to Drury leaves open the question whether a renewal of Cahoon's adjustment of status application based on her marriage to Hammes could have been successful at her removal hearing. The IJ therefore erred by not informing Cahoon of her "apparent eligibility" for relief based on her marriage to Hammes. I would remand the proceedings for consideration of Cahoon's eligibility for that relief. *See Moran–Enriquez v. INS,* 884 F.2d 420, 422 (9th Cir.1989).