**Carlos Mario LONDONO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 07–72274.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 8, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carlos Mario Londono, Florence, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Leah V. Durant, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

### MEMORANDUM **

Carlos Mario Londono, a native and citizen of Colombia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for lawful permanent resident cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo due process claims. *Padilla v. Ashcroft*, 334 F.3d 921, 923 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

The agency denied Londono's cancellation of removal application in the exercise of discretion. We lack jurisdiction to review this determination. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003) ("We [have] interpreted [8 U.S.C. § 1252(a)(2)(B)(i)] to encompass all discretionary decisions involved in the cancellation of removal context, including the ultimate discretionary decision to deny relief."); *see also Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir.2005).

Londono contends that he was denied a full and fair hearing because the IJ failed to advise him to apply for asylum and voluntary departure. We agree with the BIA that Londono was not prejudiced. He pointed to no evidence that his fear of persecution in Colombia was based on a protected ground, and he did not have a reasonable possibility of being eligible for voluntary departure. *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (to prevail on a due process challenge, an individual must show error and substantial prejudice); *cf. Bui v. INS*, 76 F.3d 268, 270 (9th Cir.1996) (IJ must inform an alien of "a reasonable possibility that the alien may be eligible for relief"). Our conclusion that Londono was not prejudiced also disposes of his ineffective assistance of counsel claim. *Iturribarria v. INS*, 321 F.3d 889, 899–900 (9th Cir.2003) (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

conduct may have affected the outcome of proceedings).

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.