**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENDRIK TANGKE, | No. 08-70755 |
| Petitioner, | Agency No. A078-020-261 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Hendrik Tangke, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") removal order and denying his motion to remand.  We

have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law, *Bui*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. INS*, 76 F.3d 268, 269 (9th Cir. 1996), and we review for abuse of discretion the BIA's denial of a motion to remand, *de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007). We deny the petition for review.

Contrary to Tangke's contention, the IJ did not err by failing to advise him that he could apply for asylum, withholding of removal, or relief under the Convention Against Torture. The IJ considered Tangke's testimony regarding his past difficulties in Indonesia and concluded that Tangke had not demonstrated a reasonable possibility that he was eligible for relief. *See Bui*, 76 F.3d at 270 (IJ must inform an alien of his "apparent eligibility" to apply for relief when there is a reasonable possibility that he may be eligible for relief); 8 C.F.R. § 1240.11(a)(2). Moreover, Tangke did not express a fear of persecution or harm in returning to Indonesia. *See* 8 C.F.R. § 1240.11(c)(1).

The BIA did not abuse its discretion by denying Tangke's motion to remand on the ground that Tangke failed to set forth a prima facie case for relief. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003) (to establish a prima facie case, the evidence must reveal a reasonable likelihood that the statutory requirements for relief have been satisfied).

**PETITION FOR REVIEW DENIED.**