**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PABLO FIDELINO ARRIAGA-
ALVARADO,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 11-9582
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO, O'BRIEN,** and **MATHESON**, Circuit Judges.

---

Pablo Fidelino Arriaga-Alvarado petitions pro se for review of a final order of

removal issued by the Board of Immigration Appeals ("BIA"). Mr. Arriaga-Alvarado

---

[*]After examining Petitioner's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

challenges the BIA's conclusion that it lacked jurisdiction to consider his appeal because he had knowingly and voluntarily waived his right to appeal. Exercising jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), (2)(D), we deny Mr. Arriaga-Alvarado's petition for review.

## I. BACKGROUND

In 1995, Mr. Arriaga-Alvarado, a native and citizen of Guatemala, entered the United States illegally. On April 13, 2006, the Department of Homeland Security instituted removal proceedings against Mr. Arriaga-Alvarado for being an alien present in the United States without inspection. *See* 8 U.S.C. § 1182(a)(6)(A)(i). On June 14, 2006, Mr. Arriaga-Alvarado appeared in Immigration Court and conceded his removability. Mr. Arriaga-Alvarado requested a continuance to prepare any applications for relief and requested a Spanish language interpreter. Both of his requests were granted.

On August 3, 2011, Mr. Arriaga-Alvarado appeared in Immigration Court with counsel. During the hearing, Mr. Arriaga-Alvarado's counsel requested that the court grant Mr. Arriaga-Alvarado a 120-day pre-conclusion voluntary departure. An immigration judge ("IJ") may grant a 120-day voluntary departure only if the individual meets certain conditions, including waiving appeal of all issues. *See* 8 C.F.R. § 1240.26(b)(1)(i); *see also* 8 U.S.C. § 1229c(a)(1). Thus, before granting Mr. Arriaga-Alvarado's request, the IJ stated: "[Mr. Arriaga-Alvarado], I just want you to understand, if you're asking for voluntary departure . . . for the full 120 days, that means you're not going to appeal this case to a higher court. Do you understand that? This is it. Do you

-2-

understand?" ROA, at 36. Mr. Arriaga-Alvarado responded, "Yeah." *Id.* The IJ also ensured that Mr. Arriaga-Alvarado's counsel understood that a grant of a 120-day voluntary departure was a final order that could not be appealed. *Id.* After these colloquies, the IJ entered a final decision granting Mr. Arriaga-Alvarado a pre-conclusion voluntary departure for 120 days.

Mr. Arriaga-Alvarado timely filed a pro se petition for review with the BIA. Citing Mr. Arriaga-Alvarado's appeal waiver, the BIA dismissed his petition for lack of jurisdiction. Mr. Arriaga-Alvarado now seeks review by this court.

## II. DISCUSSION

"The BIA lacks jurisdiction to review an [IJ's] decision if an alien has knowingly and [voluntarily] waived his right to appeal." *Kohwarien v. Holder*, 635 F.3d 174, 179 (5th Cir. 2011); *see also In re Rodriguez-Diaz*, 22 I. & N. Dec. 1320, 1322 (B.I.A. 2000). "The finding of a knowing and [voluntary] waiver is inevitably a fact-specific inquiry." *Kohwarien*, 635 F.3d at 179 (quotations omitted).

In his petition for review, Mr. Arriaga-Alvarado contends that he did not knowingly and voluntarily waive his right to appeal the IJ's order and that the BIA therefore erred in concluding it lacked jurisdiction to consider his petition.[1] We review

---

[1]In his petition for review, Mr. Arriaga-Alvarado also argues that his counsel was ineffective. Mr. Arriaga-Alvarado asserted an ineffective assistance of counsel claim in his petition to the BIA, but the BIA concluded that only the IJ had jurisdiction to consider such a claim. In his petition for review, Mr. Arriaga-Alvarado has not challenged the BIA's jurisdictional conclusion regarding his ineffective assistance of counsel claim. He

Continued . . .

the BIA's legal determinations de novo and its "factual findings for substantial evidence." *Witjaksono v. Holder*, 573 F.3d 968, 977 (10th Cir. 2009). Under the substantial evidence standard, "factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quotations omitted); *see also* 8 U.S.C. § 1252(b)(4)(B).

During the August 3, 2011 hearing, the IJ explained to Mr. Arriaga-Alvarado that he was statutorily required to waive his right to appeal before he could receive a 120-day voluntary departure. Mr. Arriaga-Alvarado stated that he understood that requirement. This colloquy provides substantial evidence to support the BIA's finding that Mr. Arriaga-Alvarado knowingly and voluntarily waived his right to appeal the IJ's order. *Cf. Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). And, after reviewing Mr. Arriaga-Alvarado's petition for review and the record in its entirety, we conclude that Mr. Arriaga-Alvarado has failed to demonstrate any evidence that would compel a reasonable adjudicator to disagree with the BIA's finding. Because Mr. Arriaga-Alvarado knowingly and voluntarily waived his right to appeal the IJ's order, the BIA correctly determined that it lacked jurisdiction to consider his petition. *See, e.g.*, *Narine v. Holder*, 559 F.3d 246, 248

---

Cont.
has therefore waived any challenge to the BIA's conclusion. *See, e.g.*, *United States v. Redcorn*, 528 F.3d 727, 737 n.4 (10th Cir. 2008) (noting that issues not raised in an opening brief are deemed abandoned or waived).

n.2 (4th Cir. 2009) ("Once an alien waives his right to appeal, the BIA no longer has jurisdiction to review a decision of an IJ.").

### III. CONCLUSION

For these reasons, we deny Mr. Arriaga-Alvarado's petition for review. We also deny Mr. Arriaga-Alvarado's request to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge