**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 22, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

HOMERO GURROLA-PEREZ,

    Petitioner,

v.

MERRICK B. GARLAND, United States
Attorney General,

    Respondent.

No. 21-9504
(Petition for Review)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Homero Gurrola-Perez petitions this court to review whether the Board of

Immigration Appeals (the "BIA" or "Board") erred by declining to remand for

consideration of his voluntary departure claim. After Immigration and Customs

Enforcement placed Mr. Gurrola-Perez in removal proceedings approximately

thirteen years ago, he attended an initial master calendar hearing where he told the

Immigration Judge ("IJ") he intended to apply for cancellation of removal and,

alternatively, voluntary departure. The IJ held Mr. Gurrola-Perez's merits hearings

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

several years later, during which no one raised his voluntary departure request. The IJ issued a decision ordering removal without considering whether Mr. Gurrola-Perez was eligible for voluntary departure. Mr. Gurrola-Perez appealed to the BIA seeking a remand to allow the IJ to consider his voluntary departure claim. The BIA denied the appeal because Mr. Gurrola-Perez had not pursued this claim at his merits hearings. For the following reasons, we hold the BIA did not err by declining to remand, and we deny the petition.

## I.    BACKGROUND

Mr. Gurrola-Perez, a citizen of Mexico, entered the United States without authorization in the 1990s and has lived in this country ever since.[1] In 2008, Immigration and Customs Enforcement served Mr. Gurrola-Perez with a Notice to Appear, charging him with removability as an alien present in the United States without having been admitted or paroled, in violation of 8 U.S.C. § 1182(a)(6)(A)(i).

Mr. Gurrola-Perez appeared, with counsel, at the Denver Immigration Court for an initial master calendar hearing on March 24, 2009. Through his counsel, he admitted the allegations in the Notice to Appear, conceded he was removable, and designated Mexico as the country of removal if removal was ordered. He also informed the IJ that he submitted Form E-42B, an application for cancellation of removal for non-permanent residents. The IJ asked if Mr. Gurrola-Perez would be applying for voluntary departure in the alternative, and he responded affirmatively.

---

[1] Mr. Gurrola-Perez says he entered the United States in "about 1996," Pet'r Br. at 1, and the Respondent says he entered "in March 1994." Resp't Br. at 3.

Almost eight years later and after multiple continuances, the IJ held a hearing on the merits of Mr. Gurrola-Perez's requested relief. With the assistance of counsel, Mr. Gurrola-Perez testified about his cancellation of removal claim but did not mention his alternative request for voluntary departure. At the conclusion of the hearing, the IJ reserved decision.

Sometime after the merits hearing but before the IJ issued a decision, Mr. Gurrola-Perez was convicted of driving under restriction.[2] The IJ held a second merits hearing to address this conviction. Again, Mr. Gurrola-Perez was represented by counsel, but he did not raise his voluntary departure claim, even after the IJ asked if there was anything else from the parties.

The IJ issued a written decision denying Mr. Gurrola-Perez's application for cancellation of removal and ordering him removed to Mexico. The IJ did not consider whether Mr. Gurrola-Perez was eligible for voluntary departure.

Mr. Gurrola-Perez appealed the decision. As relevant here, he argued the IJ had abused his discretion by failing to consider the application for voluntary departure and requested the BIA remand to the IJ to consider the issue in the first instance.[3] The BIA declined to do so, reasoning that "[w]hile the respondent's

---

[2] There is no Colorado crime known as "driving under restriction," and evidence of this conviction is not included in the record. In the written order, however, the IJ suggests Mr. Gurrola-Perez was convicted of driving under restraint, which prohibits any person from driving with knowledge that the person's license or privilege to drive is denied, revoked, or suspended. Colo. Rev. Stat. § 42-2-138.

[3] Mr. Gurrola-Perez also appealed the denial of his application for cancellation of removal on two grounds. The BIA affirmed the IJ's denial of that claim, but

3

counsel expressed an interest in applying for voluntary departure at a March 24, 2009, removal hearing, the represented respondent did not pursue such relief at the final removal hearings held years later." Admin. R. at 5.

Mr. Gurrola-Perez then submitted a petition for review in this court.

## II.    DISCUSSION

### A.    *Standard of Review*

"In reviewing a decision of the BIA, we consider any legal questions de novo, and we review the agency's findings of fact under the substantial evidence standard." *Diallo v. Gonzales*, 447 F.3d 1274, 1279 (10th Cir. 2006) (internal quotation marks omitted). Under the substantial evidence standard, "factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Witjaksono v. Holder*, 573 F.3d 968, 977 (10th Cir. 2009) (internal quotation marks omitted). Additionally, we review the BIA's decisions declining to consider procedurally barred claims for abuse of discretion. *See Pinos-Gonzalez v. Mukasey*, 519 F.3d 436, 440 (8th Cir. 2008) (describing the BIA's waiver rule as a discretionary procedure); *Sica Ixcoy v. Holder*, 439 F. App'x 524, 526 (6th Cir. 2011) (unpublished) (applying an abuse of discretion standard to the BIA's denial of a claim because the petitioners waived it). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory

Mr. Gurrola-Perez does not ask this court to review that portion of the appeal. Thus, our review is limited to the voluntary departure claim.

statements." *Qiu v. Sessions*, 870 F.3d 1200, 1202 (10th Cir. 2017) (quotation marks omitted). Here, the BIA's decision is a single-member brief order with a "discernible substantive discussion," so we consider only the BIA's reasoning in our review. *Diallo*, 447 F.3d at 1279 (quotation marks omitted).

### B.     Waiver

The parties disagree about whether the BIA's decision was a legal conclusion or a factual finding. Mr. Gurrola-Perez argues we should review the decision de novo because the BIA made a legal error and incorrectly determined he had not adequately applied for voluntary departure. But this is not an accurate characterization of the BIA's decision. Rather, the BIA declined to remand for consideration of the voluntary departure claim because it found Mr. Gurrola-Perez had not pursued this claim at the merits hearings.

Although the BIA's decision did not include any variation of the word "waive," the BIA's statement that Mr. Gurrola-Perez did not pursue the voluntary departure claim is consistent with a finding that he had not preserved it. *See Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1022 (10th Cir. 2007) (describing the BIA's waiver rule: "matters not raised before an IJ are not preserved on appeal" (collecting cases)); 8 C.F.R. § 1003.1(d)(3)(iv)(D). In other words, the BIA found Mr. Gurrola-Perez waived this claim because he did not adequately pursue it before the IJ. Accordingly, we consider whether the BIA erred by finding Mr. Gurrola-Perez waived his voluntary departure claim and declining to remand.

5

The BIA's regulations provide that "[t]he Board shall have authority . . . to prescribe procedures governing proceedings before it." 8 C.F.R. § 1003.1(d)(4). Like other "appellate bodies," "[t]he BIA has held that matters not raised before an IJ are not preserved on appeal;" they are waived. *Torres de la Cruz*, 483 F.3d at 1022; *see also* 8 C.F.R. § 1003.1(d)(3)(iv)(D) (prohibiting the BIA from remanding to the IJ unless the party preserved the issue before the IJ and, if the party bore the burden of proof, attempted to adduce the additional facts before the IJ). Thus, waiver is a procedural bar to the BIA's appellate review.

Although "the BIA's ability to engage in fact-finding is limited," *Torres de la Cruz*, 483 F.3d at 1023; *see also* 8 C.F.R. § 1003.1(d)(3)(iv) (prohibiting the BIA from engaging in factfinding except in some narrow circumstances), the BIA must be permitted to find that a party waived a claim in order to give effect to the procedural bar, *see Torres de la Cruz*, 483 F.3d at 1023 ("[T]he BIA properly concluded the issue was procedurally barred."); *Arriaga-Alvarado v. Holder*, 483 F. App'x 520, 522 (10th Cir. 2012) (unpublished) (denying a petition for review because the BIA found the petitioner had waived his right to appeal). Thus, waiver is a factual finding that we review for substantial evidence. *See Diallo*, 447 F.3d at 1279; *Arriaga-Alvarado*, 483 F. App'x at 522 (applying the substantial evidence standard to a waiver finding). And because waiver is a procedural bar, we review the BIA's decision declining to consider a waived claim for abuse of discretion. *Pinos-Gonzalez*, 519 F.3d at 440; *Sica Ixcoy*, 439 F. App'x at 526.

6

The record shows Mr. Gurrola-Perez passively mentioned his voluntary departure claim only once in response to the IJ's question at a master calendar hearing approximately eight years prior to his initial merits hearing. Although Mr. Gurrola-Perez argues this single response was sufficient to apply for voluntary departure, it was Mr. Gurrola-Perez's burden to pursue this claim and provide evidence in support of it. 8 U.S.C. § 1229a(c)(4)(A); 8 C.F.R. § 1240.8(d); *see also In re Thomas*, 21 I&N Dec. 20, 22 (BIA 1995) ("An applicant for voluntary departure bears the burden of establishing . . . his statutory eligibility for relief."); *Hussain v. Rosen*, 985 F.3d 634, 643 (9th Cir. 2021) ("The regulations do not require the IJ to scour the entire record or to interrogate an alien regarding all possible avenues of relief." (quoting *Bui v. INS*, 76 F.3d 268, 271 (9th Cir. 1996))). He did not do so.

It is undisputed that Mr. Gurrola-Perez did not mention his voluntary departure claim at either of his merits hearings. Indeed, the phrase "voluntary departure" does not appear in either of the merits hearing transcripts. Mr. Gurrola-Perez also failed to provide evidence to support the requisite elements for post-conclusion voluntary departure.[4] Specifically, he did not provide any evidence that he "has the means to

---

[4] An IJ "may grant voluntary departure at the conclusion of removal proceedings" under 8 U.S.C. § 1229c(b) if the IJ finds,

> (i) The alien has been physically present in the United States for [a] period of at least one year immediately preceding the date the Notice to Appear was served . . . ;
> (ii) The alien is, and has been, a person of good moral character for at least five years immediately preceding the application;
> (iii) The alien has not been convicted of a crime described in section 101(a)(43) of the Act and is not deportable under section 237(a)(4); and

depart the United States and has the intention to do so." 8 C.F.R. § 1240.26(c)(1)(iv).

Mr. Gurrola-Perez discussed his finances to some extent, but he did not indicate how

much it would cost to voluntarily depart or whether he had enough money to make

the trip. He also gave no testimony that he intended to leave the United States.

Because Mr. Gurrola-Perez failed to reference his voluntary departure claim and

failed to provide evidence in support of it, no reasonable adjudicator would be

compelled to conclude that Mr. Gurrola-Perez pursued his voluntary departure claim

at his merits hearings. With this, the evidence that he waived this claim is substantial.

The Sixth Circuit came to the same conclusion in a comparable case where, at

a master calendar hearing, the petitioners requested voluntary departure as an

alternative to their application for asylum. *Sica Ixcoy*, 439 F. App'x at 526. But, like

Mr. Gurrola-Perez, the petitioners did not mention their voluntary departure claim at

the merits hearing. *Id.* at 527. The petitioners appealed to the BIA, and the BIA found

they had waived the voluntary departure claim and declined to consider it. *Id.* The

Sixth Circuit denied the petition for review, reasoning that "[a]lthough the petitioners

raised the issue of voluntary departure during preliminary hearings, they did not

request it as an alternative form of relief at the merits hearing. On this record, the

---

(iv) The alien has established by clear and convincing evidence that the
alien has the means to depart the United States and has the intention to
do so.

8 C.F.R. § 1240.26(c)(1).

8

BIA did not abuse its discretion in finding that the petitioners waived their claim for voluntary departure." *Id.* at 532.

Just as in *Sica Ixcoy*, the BIA's finding that Mr. Gurrola-Perez waived his claim to voluntary departure was supported by substantial evidence. As a result, the BIA's decision declining to remand to the IJ was not an abuse of discretion.

## III.    CONCLUSION

Because the BIA did not abuse its discretion by declining to remand for consideration of the waived voluntary departure claim, the petition for review is DENIED.

Entered for the Court

Carolyn B. McHugh
Circuit Judge